CLAYTON L. HILL, Appellant, *v.* THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY et al., Respondents.

Where a railroad passenger ticket by its terms limits the time within which it is to be used, it does not exonerate the holder from the payment of fare if he take passage on the road after the expiration of the time; and in case of his refusal to pay, the conductor has a right to eject him from the train.

An indorsement upon the ticket by a conductor showing it had been used to an intermediate station before the expiration of the time specified, or an allowed use of it for a portion of the distance thereafter, with an indorsement showing it, is not such a waiver of the condition as allows a further use of the ticket.

In an action brought by the holder of such ticket to recover damages for being ejected from the train because of refusal to pay fare, evidence was offered on his behalf and rejected, that he had purchased at other occasions similar tickets and had used them after the expiration of the specified time. *Held*, no error; that in the absence of evidence of a valid arrangement with a proper officer of the company, the evidence offered would show no authority so to use the ticket.

(Argued October 1, 1875; decided November 9, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendant entered upon an order non-suiting plaintiff upon trial. (Reported below, 2 Hun, 114; 4 T. & C., 685.)

This action was brought to recover damages alleged to have been sustained by plaintiff, by being ejected from a train on defendant's road by the conductor.

On the 26th January, 1872, plaintiff purchased a ticket from Elmira to Syracuse entitling him to passage over the Erie railroad and defendant's road. The ticket upon its face stated that it was "only good for twenty days from date." Plaintiff took passage on that day and rode as far as Owego. The coupon to his ticket was indorsed by the conductor with the name of that station, and he stopped there. On the twenty-fourth April thereafter he took passage at Owego and rode to Binghamton. The indorsed coupon was taken off by the conductor. At Binghamton he took a train on defendant's road and was permitted to ride on the ticket to Onativia. Desiring to stop at that station, the conductor indorsed on the ticket "used to Onativia." On the tenth May following he took a train on defendant's road at Onativia for Syracuse, and when the conductor asked for his fare tendered said ticket. The conductor refused to accept it, and upon plaintiff's refusing to pay fare the train was stopped and the conductor forcibly put him off the car. On the trial plaintiff offered to show that he had frequently before purchased similar tickets and had used them on the Erie road and on defendant's road, after the expiration of the twenty days; that the same had always been accepted, and that the conductor had never before objected to them. The testimony was rejected, and plaintiff's counsel duly excepted.

At the close of plaintiff's evidence defendants' counsel moved for a nonsuit, which motion was granted, and plaintiff's counsel duly excepted.

*Perry G. Parker* for the appellant. Plaintiff having acted under the direction of defendants' conductor in stopping

over and having had his ticket properly indorsed, had a remedy against defendant for being expelled from the cars. (2 Redf. Am. R. R. Cas., 441, 471; *Beebe* v. *Ayres*, 28 Barb., 279.) Evidence that plaintiff had used similar tickets after the expiration of the time specified was improperly rejected. (9 Alb. L. J., 85; *Wentz* v. *Erie R. Co.*, 3 Hun, 241.) This ticket was not a contract, but only a token or voucher that plaintiff had paid his fare and was entitled to a passage as thereon indicated. (*Quimby* v. *Vanderbilt*, 17 N. Y., 306; *Van Buskirk* v. *Roberts*, 31 id., 661; *Rawson* v. *Penn. R. R. Co.*, 48 id., 212; *Elmore* v. *Sands*, 54 id., 512.)

*W. C. Ruger* for the respondents. The acceptance of the ticket by plaintiff constituted a contract between the parties, and defendant was bound to perform only according to its conditions. (*Barker* v. *Coffin*, 31 Barb., 556; 26 id., 641; 1 Al., 267; 11 Metc., 121; *Blossom* v. *Dodd*, 43 N. Y., 264; 24 id., 181, 196, 222; *Townsend* v. *N. Y. C. R. R. Co.*, 56 id., 296; *Hamilton* v. *N. Y. C. R. R. Co.*, 51 id., 100; *Elmore* v. *Sands*, 54 id., 514.) A conductor, unless specially authorized, cannot change the terms and conditions of an express contract made with a railroad company. (*Beebe* v. *Ayres*, 28 Barb., 279; *Boice* v. *H. R. R. Co.*, 61 id., 611; 44 id., 546; 45 id., 95; Alb. L. J., Oct. 11, 1873, p. 239.) The evidence offered, that the plaintiff had sometimes ridden on such a ticket after the time limited had expired, was properly rejected. (*Boice* v. *H. R. R. R. Co.*, 61 Barb., 611.)

Miller, J. The railroad ticket held by the plaintiff limited the time within which it was to be used to twenty days. This time had expired when it was offered to and refused by the conductor, and unless the limitation was waived and the time specified extended by proper authority, the plaintiff was not exonerated from paying his fare upon the request of the conductor, and upon his refusal to do so the latter had an undoubted right to eject the plaintiff. The alleged waiver is founded upon the indorsement of the ticket and its use to

Owego on the day of its date (January twenty-sixth), and upon a subsequent indorsement on the twenty-fourth of April, nearly three months afterward, that it had been used to a particular place, which was stated. The first indorsement does not appear upon the ticket, and is only shown by oral evidence. The last indorsement did not extend the time for the use of the ticket, but simply showed that it had been used to the station named, and of itself did not authorize the further use of the ticket. Nor did the circumstance that the plaintiff had been allowed to ride for a certain distance previously constitute a waiver of the time for which it was originally limited. No waiver was sufficiently proved, or any circumstances which warranted the submission of any such question to the jury. The offer to prove that the plaintiff had purchased tickets of a similar character on other occasions, and used the same after the expiration of the twenty days, was properly excluded. Such evidence would not establish any such authority without proof that a valid arrangement was made with the proper officers of the company, which was not included in the proposition.

There was no error in any of the rulings of the judge upon the trial, and the nonsuit was properly granted.

The judgment should be affirmed with costs.

All concur; except EARL, J., not voting. ANDREWS, J., not sitting.

Judgment affirmed.