### BUCK *v.* MANHATTAN RY. CO.

*(Common Pleas of New York City and County, General Term.* June 2, 1890.)

1. CARRIERS—INJURIES TO PASSENGERS—DEGREE OF CARE.

In an action against an elevated railroad company for injuries to plaintiff, who, while trying to leave a car platform, was forced between the car and the station platform by persons endeavoring to board the train, it is not erroneous for the court to refuse plaintiff's request for a charge that it was defendant's duty, as a common carrier, to use the utmost care which a very cautious person would exercise to pre-

vent injury to its passengers while on its vehicles, and to grant his other request' for a charge that defendant was bound to use reasonable care to prevent injuries from the careless or wrongful act of any person whom it permits to come on its premises. Explaining 6 N. Y. Supp. 524.

**2. SAME—INSTRUCTIONS—BURDEN OF PROOF.**

A charge that "the mere fact that the plaintiff sustained an injury while a passenger on defendant's road does not entitle him to a verdict. He must show that the accident was caused by a lack of due care on the part of the defendant,"—is proper, as merely stating the rule that the burden of proving negligence is on plaintiff.

**3. SAME—PASSENGERS ENTERING AND LEAVING CAR.**

A request to charge, in an action against an elevated railroad company for injuries to a passenger who, while leaving the car, was thrown down by other passengers entering, that, if defendant opened the gate to the platform of the car without giving any warning to let plaintiff alight first, it was an invitation to passengers on the station platform to enter the car, and to plaintiff to leave, and that if the platform was so narrow that two persons could not pass abreast, and that the passengers entering the car collided with plaintiff while leaving it in consequence of an invitation given by opening the gate, then defendant is liable for any injury to plaintiff caused by the collision without his fault, is objectionable as involving the conclusion that opening the gate of the car platform was an invitation to passengers to enter the car, rather than to plaintiff to alight, and also as making defendant liable for the negligence of one passenger to another, without negligence on its part.

**4. SAME—PRECAUTIONS ON OTHER OCCASIONS.**

Where the evidence showed that only plaintiff and one other passenger alighted at the station where the accident occurred, and that only three passengers attempted to get aboard, evidence that on other occasions, on different trains, at other stations, plaintiff had heard the guards warn persons not to enter the train until the outgoing passengers had alighted, was properly excluded, in the absence of proof that the situation was identical with the circumstances in the case at bar.

Appeal from trial term.

Action by Carlos C. Buck against the Manhattan Railway Company. There was a verdict for defendant. Plaintiff appeals. For former reports, see 2 N. Y. Supp. 718; 6 N. Y. Supp. 524.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Charles Meyers,* (*John W. Weed* and *Richard M. Henry,* of counsel,) for appellant. *Davies & Rapallo,* (*Howard Townsend* and *Alexander S. Lyman,* of counsel,) for respondent.

BOOKSTAVER, J. The action was brought to recover damages for personal injuries occasioned by the alleged negligence of defendant. No testimony was offered on its behalf. The plaintiff offered evidence tending to show that on the evening of January 29, 1888, he was a passenger on defendant's Third-Avenue line, going south. As the train approached the Sixty-Seventh street station, he arose to leave, and went to the rear end of the second car, and stayed there until the train stopped, when the guard opened the gate, and the plaintiff started to leave the car platform. As he approached the edge of that platform, and his right foot was raised in the act of stepping from it to the station, two or three persons on the station platform rushed on board the car, and violently pushed the plaintiff, thus throwing him around so that he lost his balance, and his foot went between the car and the station platform, inflicting a severe injury to the smaller bone of his right leg, near the ankle. At the time of this occurrence the guard stood with his left hand on the bell-rope, and his right managing the gates of the car. There was no extra guard on the station platform, and in fact no one there on behalf of the company except the "ticket chopper."

The chief question arising upon this appeal is the degree of care required of a common carrier in order to prevent injury to its passengers while in transit, or getting on or off its cars or other vehicles, from the careless or wrongful acts of other passengers. On this question the plaintiff submitted two requests to charge: "(1) The defendant being a common carrier, it was its duty to use the utmost care which a very cautious person would exercise to prevent injury to its passengers while on its vehicles. (2) The defendant

was bound to exercise reasonable care, not only on the part of its servants, but also like care in preventing injury from the careless or wrongful act of any other person whom it permits to come on its premises, if such careless or wrongful act on the part of others could have been foreseen." If these two requests are not actually antagonistic, the second is a modification, or at least an explanation, of the first, and limits the utmost care to reasonable care, as applied to the careless or wrongful acts of other passengers. The first request is an extreme statement of the rule of law applied in cases of injuries to passengers while they are being carried over a railroad, where the injury occurs from a defect in the road-bed or machinery, or in the construction of the cars, or where it results from a defect in any of the appliances such as would be likely to occcasion great danger and loss of life to those traveling on the road. But plaintiff's injuries did not arise from any of these causes. The real ground of negligence charged is the failure to prevent other passengers from being reckless and careless in boarding the train. The collision of one person with another through carelessness is not peculiar to railway travel. It may happen upon the public streets or highways, in drawing-rooms or public halls, as well as upon railways; and in this latter class of cases, we think, a different rule of law applies, and the second request is a fair and just statement of that rule, under *Palmer* v. *Pennsylvania Co.*, 111 N. Y. 488, 18 N. E. Rep. 859; *Kelly* v. *Railroad Co.*, 112 N. Y. 443, 20 N. E. Rep. 383; *Lafflin* v. *Railroad Co.*, 106 N. Y. 139, 12 N. E. Rep. 599; *Morris* v. *Railroad Co.*, 106 N. Y. 678, 13 N. E. Rep. 455. When this case was before this court on a former appeal, the learned judge who wrote the opinion on that appeal intimated that the rule requiring a common carrier of passengers to use the utmost care and skill which human prudence and foresight suggested, was applicable to a case like this, while the passenger was upon the car or its platform; but the appeal turned upon another point, and his remarks on this subject were collateral to the discussion of that other question, so far as they approved the first request. See 6 N. Y. Supp. 524. The court, therefore, was justified in refusing to charge the first request, and in charging the second.

The defendant's fourth, fifth, and sixth requests, which the court charged, relate to the measure of responsibility of a common carrier of passengers when one passenger is injured by the fault of another, and we think is fully sustained by *Putnam* v. *Railroad Co.*, 55 N. Y. 108; *Railroad Co.* v. *Hinds*, 53 Pa. St. 512; *Morris* v. *Railroad Co.*, 106 N. Y. 678, 13 N. E. Rep. 455; and the decisions above cited.

The defendant also requested the court to charge: "(1) The mere fact that the plaintiff sustained an injury while a passenger on defendant's road does not entitle him to a verdict. He must show that the accident was caused by a lack of due care on the part of the defendant." To this plaintiff excepted. The charge was proper. It merely stated the familiar rule of law that the burden of showing negligence is upon the plaintiff. *Holbrook* v. *Railroad Co.*, 12 N. Y. 242. Defendant's second and third requests relate to the degree of care required of a common carrier, and fall within the rule first considered.

Plaintiff also requested the court to charge: "(4) If you find that the defendant, by its agent, the guard, threw open the gate to the platform of the car without giving any word of warning to let the plaintiff alight first, then the opening of the gate was an invitation to passengers on the platform to enter the car, and the plaintiff to leave. If you find that the platform of the car was so narrow that two persons could not pass abreast, and that the passengers entering the car collided with the plaintiff while leaving it in consequence of an invitation given by throwing open the gate, then the defendant is liable to the plaintiff for any damage resulting from the collision thus brought about, provided the collision was not due to the fault of the plaintiff." The court refused to charge the first of these requests, but left it to the

jury to say whether or not the opening of the gate was an invitation to the plaintiff to leave the car. Both requests involve the conclusion of fact that the opening of the gate was an invitation to passengers to embark, rather than one to plaintiff to alight. The opening of the gate is clearly as necessary to let passengers off, as to let others on, the train. It is just as easy to reach one conclusion as the other. Where opposite inferences may with equal propriety be drawn from the same state of facts, it is the exclusive province of the jury to draw them. *Hart* v. *Bridge Co.*, 80 N. Y. 622. Besides, the request, if charged, would have made the defendant liable as a matter of law, without fault on the part of its servants, for the negligence of one passenger towards another.

The court did not err in excluding evidence of what the plaintiff had heard the guard say on other occasions, nor that he had seen extra guards at other stations. The inquiry in this case was whether the defendant was guilty of negligence towards the plaintiff in regard to this particular casualty, whereby he received his injuries; and, as a part of that inquiry, the conduct of the guard, his faults of omission or commission, were proper subjects of investigation, and this matter was fully gone into. The fact that on other occasions, on different trains, at other stations, the plaintiff had heard other guards say, "Passengers off first, please," or similar remarks, or that he had warned persons on the station platform, eager to enter the train, not to do so until the outgoing passengers had alighted, was immaterial, at least unless the situation in all essential details was identical, or nearly similar, with the circumstances involved in the case before the jury. This was not shown, nor was there any offer made to show it. We think it well settled in this state that when evidence of conduct, usage, or manner of operation is offered for the purpose of throwing light on a particular transaction, the circumstances must be shown to be identical, or so nearly similar as to require the same course of conduct in both cases. *Fillo* v. *Jones*, 2 Abb. Dec. 121; *Hill* v. *Railroad Co.*, 63 N. Y. 101. The number of passengers alighting from or entering trains not only differs very greatly at different stations, but also at the same station at different hours, and is an important element for the jury to consider in determining whether a guard should be placed at a particular station at a particular time or not. So, too, the disposition of the passengers to get on or off the train, as made apparent by their conduct to an ordinary observer, is an element to be considered by the jury in each particular case. As far as shown by the testimony, only two passengers, including the plaintiff, alighted at the station where the accident occurred, and only three attempted to get aboard. Besides these, there were only the "ticket chopper" on the platform, so that it was comparatively empty. There is absolutely no evidence showing that the three persons who attempted to board the car evinced any unruly or boisterous conduct before colliding with the plaintiff, and the evidence offered was properly excluded. The judgment should therefore be affirmed, with costs.