CHESTER H. GREGORY, Respondent, *v.* ELMIRA WATER, LIGHT AND RAILROAD COMPANY, Appellant.

NEGLIGENCE — INJURY TO PASSENGER RIDING ON RUNNING BOARD OF TROLLEY CAR — DUTY OWED TO PASSENGER BY CARRIER. Where a passenger, riding on a crowded trolley car which was running on the north-bound track of a double-track road, stood on the running board next to the south-bound track and was struck by a south-bound car and thrown to the ground, and it appeared, in an action brought to recover for the injuries caused thereby, that there was no defect in the construction of the road or the condition and operation of the cars, it is reversible error for the trial court to charge that "where cars are propelled by electricity it is the duty of the carrier to use every precaution that human skill and foresight can provide to secure the safety of its passengers;" that is to say, that the defendant rested under the duty of exercising the "utmost" care, since the expression "such precaution as human skill and foresight could suggest" is synonymous with "utmost." The duty which the

defendant owed to the plaintiff, under the circumstances, was simply to exercise reasonable care to carry him safely. To hold that the defendant was bound to use such precaution as human foresight and skill could suggest, that is, "utmost care," would obliterate the rule that when a passenger voluntarily rides in a dangerous position he assumes the ordinary risks of that position.

*Gregory* v. *Elmira W., L. & R. R. Co.*, 107 App. Div. 630, reversed.

(Argued December 2, 1907; decided December 20, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 6, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frederick Collin* for appellant. The court erred in its repeated charge to the jury that defendant was under the duty to use every precaution that human skill and foresight could provide or suggest to protect plaintiff against coming in contact with this south-bound car. (*McGrell* v. *B. O. B. Co.*, 153 N. Y. 265; *Miller* v. *O. S. S. Co.*, 118 N. Y. 199; *Stierle* v. *U. Ry. Co.*, 156 N. Y. 70; *Kelly* v. *M. R. Co.*, 112 N. Y. 443; *Dougan* v. *C. T. Co.*, 56 N. Y. 1; *Palmer* v. *Penn. Co.*, 111 N. Y. 488; *Cattano* v. *M. S. Ry. Co.*, 173 N. Y. 566; *Unger* v. *F. S. S. R. R. Co.*, 51 N. Y. 497; *Merrill* v. *M. S. R. Co.*, 73 App. Div. 401; *Regensburg* v. *N. E. R. R. Co.*, 58 App. Div. 566; *Kelly* v. *N. Y. & S. B. R. Co.*, 107 N. Y. 44.)

*Charles H. Knipp* for respondent. No error was committed in the charge of the court that it is the duty of the carrier to use every precaution that human skill and foresight can provide to secure the safety of its passengers. (*Maverick* v. *E. A. R. R. Co.*, 36 N. Y. 378; *Coddington* v. *B. C. R. R. Co.*, 102 N. Y. 66; *Elliott* v. *N. Ry. Co.*, 18 R. I. 707; *Fuller* v. *Talbott*, 23 Ill. 357; *Meir* v. *P. R. R. Co.*, 64 Penn.

St. 225; *T. C. R. R. Co.* v. *Higgs*, 38 Kan. 375; *P. & R. R. Co.* v. *Derby*, 14 How. [U. S.] 468; *N. C. S. Ry. Co.* v. *Williams*, 140 Ill. 275; *Gray* v. *R. C. & B. R. R. Co.*, 40 N. Y. S. R. 715; *Lehr* v. *S. & H. P. R. R. Co.*, 118 N. Y. 556.)

EDWARD T. BARTLETT, J. This action was brought to recover damages for personal injuries. The Appellate Division granted the defendant leave to appeal to this court. The defendant operates an electric street car line in the city of Elmira. The accident, the subject of this action, occurred on the second of September, 1901, Labor day, at about three o'clock in the afternoon, weather pleasant and when the street car lines were overtaxed in carrying passengers.

Lake street, in the city of Elmira, runs north and south, and upon it the defendant company had laid a double track, the northern terminus being in the village of Horseheads, five and one half miles from the city. The track on the west side of the street was used for cars running south, and on the east side for cars running north. The space between the east rail of the west track and the west rail of the east track was four feet. The space in the clear between the two cars involved in this action was twenty-two inches.

The plaintiff with two companions boarded a car running north. It was known as a "trailer," and was drawn by an electric motor. All of the seats were occupied as well as the standing room between the seats and in the aisle. It was an open car with running boards on each side. The plaintiff and his companions were able to get upon the running board on the west side, and having done so it filled the place to its utmost capacity. It seems to have been the practice of the defendant company to allow passengers to ride on the running boards if there was no room in the car. The plaintiff stated upon cross-examination : " I recognized that it would be a good deal safer inside, and still safer if I could have found a place to have stood upon the platform. It was a place of danger every minute that one was upon the running board if

one wasn't in very close.   I have ridden on these motor cars more or less for years."

The Appellate Division rendered a unanimous decision in affirming the judgment entered upon the verdict, and the appellant is thereby precluded from arguing his exception to the denial of the motion for a nonsuit, and is confined to his exceptions taken during the trial.

The principal and controlling question in this case is whether the learned trial judge laid down the proper rule of care under which the defendant rested in view of the peculiar circumstances.    The defendant's counsel states in his brief as follows : " The court erred in its repeated charge to the jury that the defendant was under the duty to use every precaution that human skill and foresight could provide or suggest to protect plaintiff against coming in contact with the south-bound car."   It appears that the plaintiff was knocked off from the running board, where he was standing, by the south-bound car striking him on the left shoulder, and that no other passenger upon that running board was interfered with in any way.    The south-bound car was a closed car having no running board.    The trial judge, alluding to the above facts, charged as follows : " It is practically undisputed that the plaintiff was a passenger on one of the defendant's cars, and it is the duty of the carrier of passengers to use care to provide a reasonably safe place for its passengers.    That is to say, a reasonably safe way, and a reasonably safe operation thereof, and the degree of care must be commensurate with the danger involved in the manner in which the business is transacted. In the case where cars are propelled by electricity it is the duty of the carrier to use every precaution that human skill and foresight can provide to secure the safety of its passengers.    It is not an insurer against accidents.   It is not bound to foresee every possible emergency or guard against every possible danger.   It is not obliged to use the precaution which it may appear, after the happening of the accident, would have prevented it, but as in this case no similar accident having happened before, it was obliged to use such precaution as

human foresight and skill could suggest without knowledge that such an accident was to occur."

The counsel for respondent insists that this was a fair and correct statement of the law in view of the closing qualification. It is true that the trial judge alluded to the fact that no similar accident had happened, but he does not vary his previous charge that the carrier was to use every precaution that human skill and foresight could provide. There was no qualification of the measure of care which the jury could understand and apply to the case. In other words, the court stated that the defendant rested under the duty of exercising the "utmost" care. The expression "such precaution as human skill and foresight could suggest" is synonymous with "utmost."

We are of opinion that this portion of the charge above quoted under the peculiar circumstances of this case was erroneous, and that the defendant rested only under the obligation to exercise ordinary care. It has been held that where a passenger voluntarily takes his stand on the platform or running board of a car he is not thereby guilty of negligence, but he necessarily assumes the dangers and risks naturally incident to the position he occupies. (*Cattano* v. *Metropolitan Street Railway Co.*, 173 N. Y. 565, at p. 573.) CULLEN, J., there states: "When a passenger takes his stand on the platform of a car, I think he assumes not the exceptional, but the natural and usual risks of his position, such as jolts and jars, from which a car propelled, even over the best of tracks, is not entirely free. * * * If a passenger will insist in getting on the crowded platform of a car, so far as the position is dangerous from the presence of the crowd and the natural incidents of the operation of the car to which I have alluded, he takes the risk of those dangers though not of exceptional ones."

In the case at bar there was no defect in the roadbed, the rolling stock or in the location of the tracks, four feet apart, and the operation of the cars, between which there was a space of twenty-two inches in the clear. As to the passenger

in such a position, where there is no defect in the management or operation of the road save such dangers which were common from the peculiar position occupied by the passenger, we are of opinion that the measure of duty on behalf of the carrier is simply to use reasonable care to carry passengers safely under the circumstances. If we were to apply the rule charged by the court below, that the company was bound to use such precaution as human foresight and skill could suggest, that is, " utmost " care, it would be practically to obliterate the rule that when a passenger voluntarily enters upon this dangerous position he assumes the ordinary risks in this respect. We do not mean to relax the rule in any other respect except in such cases. The plaintiff frankly recognized, as already pointed out, that he voluntarily entered a place of great and continuing danger.

As the foregoing error in the charge leads to a reversal of the judgment, we deem it unnecessary to discuss the other exceptions contained in appellant's brief.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

VANN, J. (dissenting). I dissent from the conclusion of the court that the rule of liability applicable to the defendant under the circumstances of this case is the failure to use ordinary care, for I think the true rule is that the defendant was bound to use the utmost care to protect its passengers, wherever they were riding by its invitation, or with its knowledge and consent. The requirement of " utmost care " does not mean that the carrier insures the safety of its passengers, but such a degree of care as is practicable without incurring expenses that would throw the company out of business; or, in other words, the highest degree of care consistent with the carrier's undertaking.

The plaintiff was a passenger, but not being able to get inside of the car he was compelled to stand on the running board or not ride at all. The running board was full of people, and the conductor collected fare from the plaintiff

after he had taken this position and the car had started, without any warning, admonition or suggestion. It was the custom of the defendant, well established and of long standing, to allow passengers to ride in that situation under such circumstances. The legal effect of this custom was the same as if the defendant, through a duly authorized agent, had told the plaintiff that he could ride on the running board. (*Clark v. Eighth Ave. R. R. Co.*, 36 N. Y. 135, 136.) It is known of all, and both parties concede, that it is more dangerous to ride in that position than when inside of the car, yet, according to the view of the majority of the court, the defendant, after inviting the plaintiff into a situation of danger, was not required to use a degree of care commensurate with the risk, but was at liberty to exercise less care than if the passenger had been in a place of comparative safety. In other words, the rule is to be that the greater the danger the less the care. The rule of utmost care is to be applied to all passengers on board a car, except those habitually permitted to ride where it is somewhat dangerous, and ordinary care seems to be good enough for them. This does not impress me as reasonable, and there is no case that requires us to so hold. The *Cattano* case is relied upon, but the language quoted from the concurring opinion in that case was not assented to by another member of the court. (*Cattano v. Metro. St. Ry. Co.*, 173 N. Y. 565, 573, 578.) In the *Graham* case it was held, as it had previously been held in the *Merwin* case, that "the defendant, by taking him (the plaintiff) upon the train for the purpose of transporting him as a passenger upon the platform, was bound to exercise a high degree of care to make the platform safe for his occupation, and he was entitled to assume that it would." (*Graham v. Manh. Ry. Co.*, 149 N. Y. 336, 342; *Merwin v. Manh. Ry. Co.*, 48 Hun, 608; 113 N. Y. 659.)

"If by reason of a railway train being crowded, some of the passengers are obliged to stand upon the platform, and if the carrier receives them and undertakes to transport them in that position he must exercise all additional care commensurate

24

with the dangers surrounding them in that situation." (3 Thompson on Negligence, § 2737.) Even upon the assumption that the rule of utmost care applies only to those appliances and measures of safety which the passenger of necessity must trust wholly to the carrier, still the rule applies to this case because the negligence was in the means of transit, after the plaintiff had been accepted as a passenger and was being transported in consideration of the fare he had paid. He rode where the company invited him to ride and he could not protect himself from injury by the car which was run so near the car he was on as to knock him off. He was injured because at the place where the accident happened the tracks were too close together to permit passengers to stand on the running board in safety. The plaintiff did not know of the dangerous proximity of the tracks, but the defendant did. He necessarily had to trust wholly to the company for protection from such dangers, for it was beyond his power to control the agencies of transportation and those agencies inflicted the injuries of which he complains. I think that the charge of the learned trial justice, when all parts are read together, involved no error and that the judgment appealed from should be affirmed.

CULLEN, Ch. J., O'BRIEN and HAIGHT, JJ., concur with EDWARD T. BARTLETT, J.; HISCOCK, J., concurs with VANN, J.; CHASE, J., not sitting.

Judgment reversed, etc.