## PAGER v. PENNSYLVANIA R. CO.
### No. 79, Docket 20678.

Circuit Court of Appeals, Second Circuit.

Dec. 31, 1947.

---

[2] See footnote 1.

[5] See footnote 1.

Frank Zizmor and Julius Zizmor, both of New York City (Julius Zizmor, of New York City, of counsel), for appellant.

Burlingham, Veeder, Clark & Hupper, of New York City (G. Hunter Merritt, of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff, George Robert Pager, enlisted in the United States Navy in January 1945. In September of that year he was stationed at the Pennsylvania Reserve Laboratories at Anacostia, Washington, D. C. On Friday September 21, 1945, having obtained a weekend pass in order to go home to New York, he went to the Union Station at Washington and purchased a ticket for New York on the Pennsylvania Railroad. He arrived at the station shortly before 6 P. M. and, after buying his ticket, proceeded to the train concourse which is between the waiting-room and the train platform. There, according to his testimony, he found a crowd of people which, when the gates were opened at 6 P. M., he estimated to be about 4,000 in number. The actual number of passengers carried by the two trains leaving for New York was about 2,600. After the gates opened Pager and other passengers went through them and proceeded along the station platform between the two sections of the train. The conductor and three trainmen were stationed along the train on the station platform. When Pager reached the fifth or sixth car from the rear he boarded the train by ascending the car steps to the vestibule, pushed up by the shoving, jostling crowd. When he reached the top step he looked into the car and saw no seats. The crowd following him pushed him violently across the vestibule so that his right arm broke the glass in the door of the car and his right knee struck the lower part of the door. He testified that he was bleeding and two of his companions helped him back to first-aid quarters in the Union Station where he was treated by the nurse in charge. It was stipulated by the parties that the Railroad had no trainman or guard stationed in the vestibule of the car where the plaintiff was injured.

The foregoing is a summary of the evidence introduced by plaintiff at the trial of this action which he brought against the railroad to recover damages for injuries occasioned through the negligence

of the latter in not furnishing adequate protection to its passengers from crowds entering its passenger coaches.

From a judgment upon a verdict for the defendant the plaintiff appeals. There can be no doubt that it was a question for the jury whether to believe the plaintiff's testimony as to the surging crowd and whether—if a pressing crowd existed—the defendant could foresee such a congestion as developed and did reasonably guard against it. The criticism of the trial is not because there were not such questions of fact for submission to the jury, nor because on the evidence introduced a verdict could not properly be rendered for the defendant, but because the judge failed to give necessary instructions as to the law applicable to the case.

■ The judge delivered a charge which in general atmosphere seemed to indicate that the Railroad was not negligent and that the plaintiff's claim could not be supported. Though he told the jury that they were "the judges in this case," he nowhere said that they need not adopt any opinion he had expressed and that they were the exclusive judges of the facts. This he should have done if he was to express his opinion about the facts. Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 77 L.Ed. 1321. The charge was objected to on the ground that it was too heavily weighted in favor of the defendant and we think it was sufficiently thus weighted to require an affirmative statement that the jury need not adopt the judge's views as to the facts. In any case the judge declined to give the following instruction requested by the plaintiff and there must be a reversal for that reason:

"The defendant owes the plaintiff, a passenger, the highest degree of care to protect him from injury while on board its train."

While the judge seems to have believed that he had in effect so charged, we can find nothing to support such an interpretation of his instructions.

■ That the defendant was required to exercise the highest degree of care to protect a passenger while on board its train

is settled by numerous decisions. Southern Pacific Co. v. Ward, 9 Cir., 208 F. 385, 388; Maryland Dredging & Contracting Co. v. Hines, 4 Cir., 269 F. 781, 782; Oceanic Steam Nav. Co. v. Corcoran, 2 Cir., 9 F.2d 724, 727, 57 A.L.R. 163; Atlantic Greyhound Corp. v. Lyon, 4 Cir., 107 F.2d 157, certiorari denied 309 U.S. 667, 60 S.Ct. 592, 84 L.Ed. 1014; Dilley v. Baltimore Transit Co., 183 Md. 557, 561, 39 A.2d 469, 471, 155 A.L.R. 627.

■ The judge in his charge said nothing about the degree of care that the defendant was bound to exercise toward the plaintiff. His refusal to give the instruction asked for and quoted above was erroneous and we think prejudicial. The reason for requiring not merely ordinary care but the highest degree of care on the part of a common carrier is doubtless because there is risk to human life in using defective railroad equipment or in failing to protect passengers from injuries likely to happen to them through the surging and pushing of crowds entering coaches. It is hardly possible that a jury will not be affected in such circumstances as we have described by a charge requiring utmost care rather than one requiring only ordinary care.

■ The defendant argues that a standard of "highest degree of care" is generally held applicable only to the care, maintenance and operation of railroad equipment, and cites Buck v. Manhattan Railway Co., 15 Daly 550, 10 N.Y.S. 107, affirmed 134 N.Y. 589, 31 N.E. 628, and Weeks v. Denver Tramway Corp., 10 Cir., 108 F.2d 509, in support of its position. But these decisions are not controlling. In our opinion they set forth a minority view and fail to convince us that requirement of the highest degree of care should be limited to equipment, or has been generally so limited by the authorities.

For the above reasons the judgment should be reversed and the case remanded to the District Court for a new trial. In view of the error calling for a reversal which we have pointed out it seems unnecessary to discuss the other points urged by the appellant.

Judgment reversed and case remanded.