Elizabeth McLean, Respondent, *v.* Triboro Coach Corporation et al., Appellants.

Argued October 6, 1950; decided November 30, 1950.

*Abraham L. Shapiro* and *Abraham Schlissel* for appellants. The charge as to " a very high degree of care " was, in view of plaintiff's contentions, both in her pleadings and 'upon the trial, error of a substantial character. (*Stierle* v. *Union Ry. Co.,* 156 N. Y. 70, 684; *Schulz* v. *Finn,* 273 App. Div. 780; *O'Brien* v. *New York Rys. Co.,* 185 App. Div. 867; *Brennan* v. *Brooklyn & Queens Tr. Corp.,* 258 App. Div. 1055; *Glick* v. *New York R. T. Corp.,* 259 App. Div. 1044; *Barbato* v. *Vollmer,* 273 App. Div. 169; *Taddeo* v. *Tilton,* 248 App. Div. 290; *Pickert* v. *Rochester Tr. Corp.,* 274 App. Div. 1088.)

*Philip J. O'Brien, William C. Morris* and *John G. Coleman* for respondent. I. Plaintiff's advanced age, together with the fact that defendants created a situation of grave danger from which injury might be expected, imposed upon the bus company, through its driver, the duty of exercising a very high degree of care and the court below was correct in so charging. (*Maverick* v. *Eighth Ave. R. R. Co.,* 36 N. Y. 378; *Keegan* v. *Third Ave. R. R. Co.,* 34 App. Div. 297, 165 N. Y. 622; *Stierle* v. *Union Ry. Co.,* 156 N. Y. 70, 684; *Koehne* v. *New York & Queens Co. Ry. Co.,* 32 App. Div. 419, 165 N. Y. 603; *Loudoun* v. *Eighth Ave. R. R. Co.,* 162 N. Y. 380; *Plumb* v. *Richmond Light & R. R. Co.,* 233 N. Y. 285; *Pager* v. *Pennsylvania R. R. Co.,* 165 F. 2d 56; *Smith* v. *Kingston City R. R. Co.,* 55 App. Div. 143, 169 N. Y. 616; *Nichols* v. *Sixth Ave. R. R. Co.,* 38 N. Y. 131; *Bente* v. *Metropolitan St. Ry. Co.,* 90 App. Div. 213, 180 N. Y. 519; *McDonald* v. *Long Island R. R. Co.,* 116 N. Y. 546; *Harris* v. *Brooklyn & Queens Tr. Corp.,* 249 App. Div. 749.) II. Assuming without conceding that the trial court erred in charging a very high or high degree of care, such error was harmless. (*Whittacker* v. *Brooklyn, Queens Co. & S. R. R. Co.,* 110 App. Div. 767; *Walsh* v. *Yonkers R. R. Co.,* 114 App. Div. 797; *Rounds* v. *Fitzgerald,* 207 App. Div. 534, 239 N. Y. 568; *Barbato* v. *Vollmer,* 273 App. Div. 169.)

FULD, J. As plaintiff, an elderly lady, was alighting from one of defendant's buses which had stopped to discharge her and other passengers, the driver closed the door before she

had cleared it. As a result, one of her legs was caught and held fast by the door. The driver started the bus and plaintiff was pulled along for some feet, until, when the bus was braked to a halt and the door was opened, she fell to the ground and suffered serious injuries. The jury returned a verdict for plaintiff and the Appellate Division affirmed the resulting judgment. We are asked to reverse that judgment because, in submitting the case to the jury, the trial judge instructed that defendants owed plaintiff the duty of exercising " *a very high degree of care* in transporting her, in letting her off, and in seeing that she is clear of anything that might bring injury to her." (Italics supplied.)

Negligence is defined, broadly and generally speaking, as the failure to employ reasonable care — the care which the law's reasonably prudent man should use under the circumstances of a particular case. That being so, it may well be asked whether it is ever practicable for one to use more care than one reasonably can; whether it is ever reasonable for one to use less; or whether, in sum, there can ever be more than one degree of care. (See Pollock on Torts [14th ed.], pp. 352–353; Green, High Care and Gross Negligence, 23 Ill. L. Rev. 4; cf. *O'Brien* v. *New York Rys. Co.,* 185 App. Div. 867, *passim.*) And, indeed, it has been said that to grade care into degrees, to differentiate between various degrees of care, is " unscientific ", " most difficult of application ", and " perplexing alike to bench and bar." (See, e.g., *O'Brien* v. *New York Rys. Co., supra,* 185 App. Div. 867, 870, 873.) All of this suggests a re-examination of those decisions wherein this court has upheld instructions by trial judges to the effect that a common carrier does, in certain situations, owe a " high ", a " very high " or the " highest " degree of care in transporting its passengers. (See, e.g., *Stierle* v. *Union Ry. Co.,* 156 N. Y. 684, denying reargument 156 N. Y. 70; *Palmer* v. *Delaware & Hudson Canal Co.,* 120 N. Y. 170; *Maverick* v. *Eighth Ave. R. R. Co.,* 36 N. Y. 378; *Keegan* v. *Third Ave. R. R. Co.,* 34 App. Div. 297, affd. 165 N. Y. 622.)

We are not, however, here called upon to embark on such a study, and we express no opinion upon the subject, since, in any event, defendants could not have been harmed by the charge in question.

Considered in the abstract, to announce a requirement that " a very high degree of care " was owed, implies the existence of a burden more onerous than the exercise of " reasonable care." However, when viewed and appraised in connection with the record before us, the instruction could not have influenced the jurors or affected their conclusion. Having in mind the facts adduced, the situation presented, the jury's finding, implicit in its determination, that the door was shut before plaintiff had cleared it and that the bus was started before she had alighted, established a lack of care, no matter how assayed or evaluated. Consequently, since the very happening of the accident necessarily demonstrated that defendants failed to use any care whatsoever — since, in other words, the verdict of the jury necessarily imported the absence of any care at all — it follows that defendants could not have been prejudiced by the instruction given. (Cf. *Whittacker* v. *Brooklyn, Queens Co. & S. R. R. Co.*, 110 App. Div. 767, 768; *Barbato* v. *Vollmer*, 273 App. Div. 169, 172.)

The judgment of the Appellate Division should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Judgment affirmed.