Hershel KRASNOW, Plaintiff-
Appellant,

v.

NATIONAL AIRLINES, Inc., Defend-
ant-Appellee.

No. 98, Docket 23718.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1955.

Decided Dec. 19, 1955.

Harvey M. Lewin, New York City, for plaintiff-appellant.

John G. Reilly, Reilly & Reilly, New York City (Harold V. McCoy, New York City, of counsel), for defendant-appellee.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Plaintiff was injured by flying fragments of glass during an airplane flight

from New York to Miami. He brought suit against the defendant airline alleging that his injuries were caused by the negligence of its employees, in that, on a flight through turbulent air, unsecured objects of glass were left on a table in the lounge area of the plane. Federal jurisdiction over the action was predicated solely on diversity of citizenship.

## I

■ The plaintiff contends that evidence of an airline rule to the effect that passengers were not allowed to drink from their own bottles was erroneously excluded. A private regulation of a common carrier may have some relevance in a negligence action brought by a passenger when the purpose of the regulation is to protect passengers and when a violation of the regulation by company employees causes or contributes to the injury sued upon. See Boston & Maine R. R. v. Daniel, 2 Cir., 1923, 290 F. 916, 922; Peterson v. Boston & Maine R. R., 1941, 310 Mass. 45, 36 N.E.2d 701, 705; cf. Frizzell v. Omaha St. Ry. Co., 8 Cir., 1903, 124 F. 176. We think it probable that the purpose of the airline regulation here involved was not the safety of passengers, but the protection of the airline's revenues from the sale of beverages. Moreover, since glass would have been present in the lounge whether the regulation had been violated or not, its breach did not contribute to the injury. However, even if it be assumed that the regulation had some slight relevance, its exclusion did not constitute prejudicial error.

## II

The plaintiff objects to the failure of the trial judge to charge the jury that the defendant owed the plaintiff a high degree of care.[1] We have held that it is reversible error to fail to charge that a common carrier owes the highest degree of care to its passengers, Pager v. Pennsylvania R. Co., 2 Cir., 1947, 165 F.2d 56, but that case was not decided under New York law.[2] Here the trial was conducted under the assumption that the law of New York governed the action, and it is only in his reply brief in this court that plaintiff states that the tort occurred in Florida and that Florida law should govern the action.

■ In this action on state-created rights, the conflict of laws rules of New York must be applied. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Although New York follows the almost universal rule that the law governing a tort is the law of the place where the wrong occurred, Loucks v. Standard Oil Co., 1918, 224 N.Y. 99, 106, 120 N.E. 198, Conklin v. Canadian-Colonial Airways, Inc., 1935, 266 N.Y. 244, 248, 194 N.E. 692, 694, a New York court would not be *required* to take judicial notice of the appropriate foreign law when counsel have not indicated at the trial that some foreign law governs.[3] Pfleuger v. Pfleuger, 1952, 304 N.Y. 148,

1. The trial judge charged the jury, in effect, that the defendant was required to exercise reasonable care under all the circumstances. He then fairly and accurately summarized the undisputed facts.

2. In the Pager case, the action was brought in the Southern District of New York, and the tort apparently occurred in the District of Columbia. The Court of Appeals apparently treated the question as one of general law, and there is no indication that the law of a particular jurisdiction was applied or should have been applied.

3. Assuming, *arguendo*, and without expressing an opinion, that state rules concerning judicial notice of foreign law, like state conflict of laws rules, must be followed in an action in a federal court involving state-created rights. See Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Waggaman v. General Finance Co., 3 Cir., 1940, 116 F.2d 254, 257. Cf. Zell v. American Seating Co., 2 Cir., 138 F.2d 641, 643, note 6, rev'd on other grounds, 322 U.S. 709, 64 S.Ct. 1053, 88 L.Ed. 1552; Petersen v. Chicago G. W. R. Co., D.C.Neb.1943, 3 F.R.D. 346, 348; and Baltimore & O. R. Co. v. Reaux, D.C.Ohio 1945, 59 F.Supp. 969, 973.

106 N.E.2d 495, interpreting § 344–a of the New York Civil Practice Act, 3B Gilbert-Bliss Supp. § 344–a. When the tort has occurred in a common-law jurisdiction and the content of that law is not pointed out by counsel or judicially noticed by the court, New York continues to indulge in the presumption that the common law still prevails in that jurisdiction and is the same as the common law of New York. Read v. Lehigh Valley R. Co., 1940, 284 N.Y. 435, 441, 31 N.E. 2d 891, 893, Arams v. Arams, 1943, 182 Misc. 328, 45 N.Y.S.2d 251, 254–255 and cases cited therein. Consequently, New York law governs the standard of care required of the defendant.

The law of most states requires a common carrier of passengers for hire to exercise the utmost care and skill which very prudent and skillful men would use under similar circumstances. Consult 13 C.J.S., Carriers, § 678 and cases there cited. This rule is often expressed in terms of a duty of "high" or "highest" care on the part of the common carrier. See, e. g., Pager v. Pennsylvania R. Co., 2 Cir., 1947, 165 F.2d 56. Several New York cases appear to limit the rule of utmost care to injuries arising from defects in the road bed, construction of cars, and the like, not applying it to the operation of these means of transportation. Stierle v. Union Ry. Co., 1898, 156 N.Y. 684, 50 N.E. 834; O'Brien v. New York R. Co., 1919, 185 App.Div. 867, 174 N.Y.S. 116; Gregory v. Elmira, W. L. C. R. R. Co., 1907, 190 N.Y. 363, 83 N.E. 32, 18 L.R.A.,N.S., 160. Other New York cases do not so limit the rule of utmost or high care, but apply it to situations involving negligence in the use and operation of the means of transportation. Bowen v. New York Central

R. R. Co., 1859, 18 N.Y. 408; Keegan v. Third Ave. R. R. Co., 1898, 34 App.Div. 297, 54 N.Y.S. 391 affirmed, 1900, 165 N.Y. 662, 59 N.E. 1124. Faced with this confusion, lower New York courts go both ways on this question. Cf. Taddeo v. Tilton, 1936, 248 App.Div. 290, 289 N.Y.S. 427, with Vogel v. State, 1953, 204 Misc. 614, 124 N.Y.S.2d 563.

■ It is our function to apply what we ascertain to be the law of New York,[4] and we would be hard pressed to choose between these conflicting cases were it not that the New York Court of Appeals has recently indicated which way the breeze is blowing. In McLean v. Triboro Coach Co., 1950, 302 N.Y. 49, 96 N.E.2d 83, that court, although "expressing no opinion" on the question involved here, expressed sufficient doubt of the propriety of a charge of "high" or "highest" degree of care so as to indicate to us that a charge of reasonable care under the circumstances cannot be considered erroneous under New York law.

### III

■ The plaintiff also objects to the failure of the trial judge to charge the jury, as requested, that the pilot was in command of the plane and was responsible for the safety of the plaintiff and for the conduct of the crew. The requested charge, even if relevant to the issue of defendant's negligence, has such slight relevance that its denial could not have prejudiced plaintiff.

### IV

■ Plaintiff's final contention that the verdict of the jury was contrary to the great weight of the evidence is completely without merit.

Affirmed.

4. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; King v. Order of United Commercial Travelers, 1948, 333 U.S. 153, 68 S.Ct.
488, 92 L.Ed. 608. See Cooper v. American Airlines, 2 Cir., 1945, 149 F.2d 355, 359, 162 A.L.R. 318.