**Marvin GERARD, Plaintiff-Appellee,**

v.

**AMERICAN AIRLINES, INC., Defendant-Appellant.**

**No. 8, Docket 25515.**

United States Court of Appeals Second Circuit.

Argued Oct. 14, 1959.

Decided Nov. 27, 1959.

**36**

Paul G. Pennoyer, Jr., of Bigham, Englar, Jones & Houston, New York City (Robert F. Ewald, New York City, on the brief), for defendant-appellant.

Isidor Enselman, New York City (Max Scheer and Morton M. Shreck, New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and J. JOSEPH SMITH, District Judge.

CLARK, Chief Judge.

Plaintiff, a passenger on defendant's airline en route from New York to Texas, suffered a chip fracture of his right thumb in attempting to adjust his seat. The positioning of the seat is controlled by a spring loaded lever which must be raised to release the seat back. When released, the lever is pulled down by spring tension so that one of its notches falls into a knob on the seat back, thus locking it into position. Plaintiff testified that when he raised the seat control lever and pushed back against the seat, the lever snapped back against his thumb, causing the injury. Defendant adduced evidence of a periodic inspection of the airplane several days before the incident. There was also evidence that this type of seat lever had been in use for four years and had not caused any reported injury on this type of aircraft.

The issue presented is whether the above facts are sufficient to justify the inference of negligence drawn by the trial judge sitting without a jury. Jurisdiction rests upon the diverse citizenship of the parties, and it is agreed that the law to be applied is that of New York. See Krasnow v. National Airlines, 2 Cir., 228 F.2d 326; Lobel v. American Airlines, 2 Cir., 192 F.2d 217, certiorari denied 342 U.S. 945, 72 S.Ct. 558, 96 L.Ed. 703.

The case is one for the application of the principle known as *res ipsa loquitur*. Under this principle an inference of negligence is warranted where the injury is one which would not occur in the normal course of events had reasonable care been exercised by those in control of the instrumentality causing it. Jesionowski v. Boston & Maine R. R., 329 U.S. 452, 456, 67 S.Ct. 401, 91 L.Ed. 416, 169 A.L.R. 947. As noted by the New York Court of Appeals, this inquiry basically involves " 'a common-sense appraisal of the probative value of circumstantial evidence.' " George Foltis, Inc. v. City of New York, 287 N.Y. 108, 115, 38 N.E.2d 455, 459, 153 A.L.R. 1122, quoting Galbraith v. Busch, 267 N.Y. 230, 234, 196 N.E. 36, 38. Here the circumstantial evidence showed that the seat lever, obviously intended for passenger use, was under enough tension to fracture a bone. We think that it was within the province of the trier of fact to infer negligence from this circumstance.

Defendant urges that under New York law it should not be held to the exercise of the utmost care. Quite possibly New York has adopted the logical view that there can be only one degree of care, *i. e.*, reasonable care under the circumstances. Krasnow v. National Airlines, supra, 2 Cir., 228 F.2d 326. See McLean v. Triboro Coach Corp., 302 N.Y. 49, 96 N.E.2d 83; Thomas v. Central Greyhound Lines, 6 A.D.2d 649, 180 N.Y.S.2d 461. But no question of a proper charge to a jury is here involved. It was the function of the trial judge as trier of fact to determine whether reasonable care was exercised. And the fact that the relationship between the parties was that of common carrier and passenger is a circumstance that cannot be deemed irrelevant to this determination. See 2 Harper & James, The Law of Torts 1084 (1956).

It is also asserted that *res ipsa loquitur* cannot be applied because the agency was not within defendant's exclusive control. Although this is a com-

monly recognized requirement, the courts do not apply it overliterally. See 2 Harper & James, The Law of Torts § 19.7 (1956). It is sufficient if the circumstances permit a finding that the cause of the injury was "such that the defendant would be responsible for any negligence connected with it." Prosser, Res Ipsa Loquitur in California, 37 Calif.L. Rev. 183, 201 (1949). To hold otherwise would preclude reliance on the doctrine in any case involving a defective seat. But such recoveries are frequently allowed. See Schueler v. Good Friend North Carolina Corp., 231 N.C. 416, 57 S.E.2d 324, 21 A.L.R.2d 417, with annotation at 420; Rosenbaum v. Union Ry. Co., Sup.Ct., 169 N.Y.S. 456; cf. Jesionowski v. Boston & Maine R. R., supra, 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416, 169 A.L.R. 497. Here the trial court found that plaintiff was not guilty of contributory negligence. Thus if there was negligence, it was that of the defendant.

Reliance is placed on evidence of a periodic inspection of the airplane performed 12 flight hours (2 days) before the injury. Defendant's manual required manipulation of the seat back and seat lever mechanism as part of this inspection. But the only evidence that the inspection had been properly performed was provided by the introduction of an inspection sheet signed by one of defendant's foremen, who did not testify. Since it is unlikely that the malfunction, probably due to excessive spring tension, developed in the short period between the inspection and the injury, it might be found that a careful inspection would have disclosed the defect.

The trial judge properly noted that the lack of reported prior injuries of this type was not conclusive. Plaintiff testified that he reported his injury to the stewardess; but no report of the event appeared in the defendant's records. This suggests that other such injuries, perhaps of a less severe nature, may well have occurred and not been reported.

Affirmed.