Betty Simon **LEVINOWITZ**,
Plaintiff,

v.

**CUNARD WHITE STAR**, Limited,
Defendant.

United States District Court,
S. D. New York.
April 6, 1955.

Golenbock & Komoroff, New York City, Jerome Golenbock, New York City, of counsel, for plaintiff.

Lord, Day & Lord, New York City, William J. Brennan, New York City, of counsel, for defendant.

DAWSON, District Judge.

This case, which was tried by the Court without a jury, involves the question as to whether a steamship company owed a duty to a passenger to equip bath tubs on its ships with hand holds outside the bath tub for the assistance of the passenger in getting into and out of the bath tub.

Plaintiff seeks to recover for injuries incurred through the alleged negligence of the defendant while she traveled as a passenger aboard the S. S. Britannic. The accident occurred on March 5, 1949. Plaintiff, a woman of 79 years, was traveling alone and occupied a cabin equipped with a shower stall, but not a bath. On the day of the accident, she visited the cabin of another passenger, which cabin was equipped with a tub bath, and was invited by the occupants to use their tub bath. (The ship provided a public tub bath staffed by an attendant for those passengers whose cabins were equipped with a shower stall only.) Plaintiff accepted the invitation, and upon emerging from the bath, slipped and fractured her hip. At the time of the accident, the weather was clear and the sea calm.

Following plaintiff's fall, she was removed to the ship's hospital, attended to by the ship's doctors, and later returned to the United States where an operation was performed on her hip. The plaintiff is still partly incapacitated from the result of the accident.

Photographs of the bathroom introduced into evidence show that the bath tub was a combination shower and bath whose inner wall had two handle grasps, one in the middle of the tub just above the top of the tub, the other at the end near the shower at a height of 4 feet from the bottom of the tub; that at the opposite end of the tub, a towel rack was attached to the bathroom wall approximately 4 feet 4 inches above the bottom of the tub; that adjacent to the towel rack, but to the side of it and approximately 1 foot lower, a shelf was attached to the wall in such position that a person outside the tub could use it as a hand hold.

Plaintiff testified that when she attempted to get out of the tub, she put her right hand on the towel rack, then put her left foot outside the bath tub onto the floor and at that point released her hand, reached for a towel, slipped, and fell. Plaintiff argues that defendant did not use ordinary reasonable care to prevent the occurrence of accidents incident to the use of the bath tub on board ship, and that in the course of their operation of the ship, a duty was incurred to supply a rail or hand hold running along the wall at a right angle to the end of the bath tub. All other claims of negligence contained in the complaint were withdrawn or waived.

■ The duty owed by the owner of a vessel to a passenger, while not that of an insurer of the safety of the passenger, is one of a high degree of care. Ludena v. The Santa Luisa, D.C.S.D.N.Y.1953, 112 F.Supp. 401; Demgard v. United States, D.C.S.D.N.Y.1950, 94 F.Supp. 309.

■ While I feel that the shipowner owed the plaintiff a high degree of care, I can find no violation of that duty. The shipowner supplied the necessary and acceptable appurtenances to make the bath and bathroom fit and safe for use. Plaintiff testified that she had traveled on many ships and that the bathrooms were equipped in the same manner as this one. The position and type of hand holds and towel rack were no different from those customarily found in homes, hotels, and apparently on other ships. When a structure is built in a customary way and has been safe in constant use for long periods of time, the mere happening of an accident is not sufficient to cast responsibility for faulty construction on the owner. See De Salvo v. Stanley-Mark-Strand Corp., 1939, 281 N.Y. 333, 23 N.E.2d 457.

The bathroom was equipped with any hand holds that might appear to be reasonably necessary. Plaintiff, although only an invitee in the bathroom in question, was in a position to know and observe the position of these hand holds. See Gardner v. Panama Canal Co., D.C.

Canal Zone 1953, 115 F.Supp. 687; The Great Northern, 9 Cir., 1918, 251 F. 826.

It is apparent that plaintiff could have held on to the towel rack until both feet were on the floor. She did not do so. The fact that she chose to release her hand while one foot was in the tub and the other on the floor is something which the owner of the ship could not reasonably be expected to foresee or guard against.

■ It is unfortunate that the elderly plaintiff in this action suffered the pain, inconvenience, and economic loss occasioned by the accident, but I cannot find that there had been a breach of any duty owed to her by the shipowner.

The following are my findings of fact and conclusions of law:

Findings of Fact

1. At all times referred to in the complaint, the S. S. Britannic was owned by the defendant Cunard White Star, Ltd., a British corporation.

2. On February 1, 1949, plaintiff sailed as a passenger on the S. S. Britannic, having purchased a ticket and having been assigned to a stateroom.

3. Plaintiff, at that time, a woman of 79 years of age, was, and is, a resident of the City of Passaic, State of New Jersey.

4. The cabin assigned to plaintiff was equipped with a stall shower only.

5. On March 5, 1949, plaintiff was invited to use the tub bath in the cabin of another passenger.

6. In emerging from the bath, plaintiff slipped and fell.

7. The bath tub and bathroom were equipped with a towel rack, supports and grip handles.

8. There is no proof that the bathroom was wet, slippery, or in any other way not cared for.

9. The plaintiff has failed to prove by fair preponderance of the credible evidence that defendant was negligent in any respect.

### Conclusions of Law

1. There was no negligence on the part of the defendant Cunard White Star, Ltd., its agents, servants, or employees.

2. The injuries sustained by plaintiff were caused by a combination of circumstances existing at that time which were beyond the control of any party.

3. The complaint against Cunard White Star, Ltd., is dismissed on the merits.