## PRATT v. NORTH GERMAN LLOYD S. S. CO.

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

No. 89.

**1. Shipping (§ 166*)—Liability for Injury of Passenger—Care as to Condition of Deck of Steamship.**

The degree of care appropriate to boilers or to the sufficiency of the hull of a steamship is very different from the degree of care required with reference to the washing of the decks, and where a passenger on a steamship was injured by slipping and falling while walking on the wet deck, which she claimed was not kept in proper condition, the court in an action to recover for the injury, properly refused to charge that defendant owed the plaintiff "very great care," and charged that it was bound to exercise reasonable care under the circumstances.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 538–552; Dec. Dig. § 166;* Carriers, Cent. Dig. § 1186.]

**2. Trial (§ 45*)—Offer of Proof—Sufficiency of Offer.**

In an action by a steamship passenger to recover for an injury received by slipping and falling on the deck which it was alleged was not kept in proper condition, where plaintiff testified to having made other voyages, the exclusion of a general offer to show "what she noticed as to the decks of the vessels of these lines" was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 110–114; Dec. Dig. § 45.*]

**3. Appeal and Error (§ 1056*)—Rejection of Evidence—Discretion of Court.**

Rulings of a trial court in excluding evidence held within its discretion and without prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Emily L. Pratt against the North German Lloyd Steamship Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Duer, Strong & Whitehead (George A. Strong, of counsel), for plaintiff in error.

B. L. Pettigrew (Franklin M. Clark, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. Mrs. Pratt, the plaintiff, a passenger upon the defendant's steamship Princess Irene, while walking on the promenade deck before the steamship had left her dock, fell, sustaining a fracture of her right ankle. The result was most painful. She was confined to a hospital for 11 weeks, during nine of which she was unable to walk without crutches, suffered and still suffers great pain, and was put to an expense of between $700 and $800. The plaintiff observed that the deck was wet, but complains that it was slippery both for that reason and because it was old and worn, and apparently, also, because it was greasy or slimy. The trial judge having charged the jury very fully to the effect that the defendant was bound to exercise reasonable care under the circumstances, the plaintiff asked him to charge that the defendant owed the plaintiff "very great care." He declined to charge otherwise than he had charged. We think the charge was right. "Very great care" is an unmeaning phrase, and the jury in determining what was reasonable care with reference to the circumstances would necessarily determine whether it was great or very great. ·Such expressions as "the utmost care" or "the highest degree of care" and so forth are appropriate to the seaworthiness or roadworthiness of the vehicle of transportation, or to things inherently dangerous. Obviously the degree of care appropriate to boilers or to the sufficiency of the hull of a steamer or the body of a car or stage is very different from the degree of care required with reference to the washing of decks or the maintenance of a window sash or a curtain hook. Kelly v. New York & Sea Beach R. R. Co., 109 N. Y. 44, 15 N. E. 879. Such cases as The City of Panama, 101 U. S. 453, 25 L. Ed. 1061 (in which a concealed hatch was left open in a passageway), and Penna. R. R. Co. v. Roy, 102 U. S. 451, 26 L. Ed. 141 (where a berth in a Pullman car which the company's servants knew to be out of order fell upon a passenger), have no application here.

The plaintiff having testified that she had been to Europe twice and once to Jamaica, offered to show "what she noticed as to the decks of the vessels of these lines," which testimony the court excluded. The better way to raise exceptions is to propound definite questions; upon these the court can pass more intelligently. This offer was very vague. What the plaintiff may have noticed in respect to washing decks on these six voyages would be no evidence of the defendant's care or lack of care on this particular occasion. The subject was one which the jury were entirely competent to pass upon with reference to the actual circumstances proved.

One of the defendant's witnesses having testified that the deck was not worn, wet, or slippery, was asked upon cross-examination two questions, which were excluded:

"Q. The plaintiff must have fallen on purpose, didn't she? Q. How do you account for her falling then?"

The first question was one calculated to ridicule the witness, and it was quite within the discretion of the trial judge to exclude it. The second was improper, as calling for the opinion of the witness upon the very question to be decided by the jury.

A witness from the United States Weather Bureau having testified

to the humidity of the air and the condition of the sky with respect to clouds on the day of the accident, was asked:

"Q. This is what you would call, if you were reporting it for a paper, a fair day, would you not?"

This was objected to as calling for a conclusion, and excluded. The jury were able to say from the facts testified to by the witness whether the day was fair or not. It is the sort of question which may or may not be admitted, largely within the discretion of the trial judge. This ruling, if error, was harmless.

There are some other exceptions, but we think them either without merit or unimportant because relating to the question of damages. Judgment affirmed, with costs.