## DANN v. COMPAGNIE GENERALE TRANSATLANTIQUE.

### Civil Action No. 2351.

District Court, E. D. New York.

May 26, 1942.

See, also, D.C., 29 F.Supp. 330.

Dreyer & Traub, of Brooklyn, N. Y. (I. Nathanson, of Brooklyn, N. Y., of counsel), for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (J. Ward O'Neill, of New York City, of counsel), for defendant.

BYERS, District Judge.

The plaintiff sues to recover damages for his personal injuries suffered while a first cabin passenger on the S. S. De Grasse on February 9, 1939. The case was tried to the Court, and the record presents the plaintiff's testimony only, and a stipulation as to that of his physician.

It is not controverted that the plaintiff slipped and fell at about 8:30 a. m., while returning to his cabin from the swimming pool, and suffered a fracture of his right great toe, and sprained his right ankle, tearing some ligaments. He was disabled and required medical treatment for about five weeks after his return to his home, but his recovery has been complete. Out-of-pocket damages consisted in medical treatment of the value of $167.00 and five weeks' wages of a chauffeur at $35.00 or $175.00, making $342.00 in all.

The ship was making a cruise trip to Nassau, Havana and Miami, and was lying still and at anchor in the harbor of Havana at the time in question. The plaintiff asserted that his foot encountered a raised portion of the linoleum flooring of the corridor leading to his stateroom about six inches from a door-sill. He said the raised or puffed area was from 1 to 1½ inches high, and extended for about 10 and 15 inches in length and breadth respectively.

His bathing trunks were wet, but not his feet, and he slipped or skidded on the raised surface, and so sustained the injury.

Whether this was the result of striking the door-sill, does not appear.

He felt no such condition under foot on making his way to the pool, nor on the day before when taking his morning plunge. The corridor is well lighted, and no complaint is made on that score.

The plaintiff is a business man of mature years, and nothing in his testimony, or in the manner of giving it, would create a misgiving as to his entire sincerity.

The only difficulty is in reaching a conclusion as to whether the condition described had arisen that morning, too recently to charge the defendant with knowledge of its existence.

Obviously present world affairs rendered it impossible for the defendant to offer any proof.

Suit was brought on March 3, 1939, in the Supreme Court of the State of New York, Kings County, and promptly removed on May 1, 1939.

The cause was not noticed for trial until November of 1940, and during that period of eighteen months there seems to have been no effort made by the plaintiff's attorney to place his case upon the calendar.

The defendant does not urge this delay as tending to prove anything, but it must be apparent that its cause did not benefit thereby.

Dismissal of that action ensued in June of 1941, and a motion to vacate that or-

der was denied; the present action was begun by complaint filed November 13, 1941; a motion to dismiss because it was not started within the time specified in the plaintiff's passage ticket was denied by order of Judge Campbell, dated January 6, 1942.

Incidentally the order precludes the trial judge from entertaining the motion to dismiss on the same ground, which was made at the trial.

The plaintiff undertook to prove the allegations of paragraph Eighth of the complaint, which may be thus summarized:

That the defendant's negligence comprised: Failure to employ and supervise proper help to operate, etc., the ship; carelessly maintaining the said linoleum by permitting it to *remain* in an unsafe and defective condition; improperly fastening it; failing to remedy that condition, or to repair it; repairing it "in a defective and dangerous condition"; violating "the various statutes and ordinances applicable thereto, and in generally being reckless and careless".

Can it be fairly said that the evidence sustains any material part of the plaintiff's cause as pleaded?

The presence of the bulge in the linoleum must be assumed according to the plaintiff's testimony, but whether it was comparable to a suddenly created wrinkle in a rug, for instance, that lies unattached to the surface which it covers; or whether the linoleum was supposed to be cemented to the deck and became detached in this restricted area, and was so permitted to remain through inattention, lie entirely in the realm of conjecture.

The evidence is silent concerning the existence of the condition at any instant of time prior to the plaintiff's fall, and there is consequently lacking any element of proof which would sustain the theory that the defendant failed to fulfill its obligation to exercise a high degree of care in behalf of its passengers, because it failed to remedy a hazardous condition with knowledge of which it is chargeable, and which had existed for a sufficient interval of time to invite corrective measures. The plaintiff's uneventful passage to the swimming pool on the morning in question, and his similar experience on the day before, suggest the absence of the bulge at any time prior to his fall.

Stated differently, it is not thought that a situation is presented by the testimony which quickens into operation the res ipsa loquitur rule.

In all probability, if the plaintiff had worn sandals when returning from his plunge, the fall would not have occurred, since at his examination before trial he did not recall whether his feet were wet or dry.

Judgment for defendant, with costs.