**DEMGARD v. UNITED STATES et al.**
**THE ARGENTINA.**

A 147-173.

United States District Court
S. D. New York.

Oct. 17, 1950.

Silas B. Axtell, New York City, for Libelant.

Irving H. Saypol, U. S. Atty., New York City (Joseph K. Inness, New York City, of counsel), for the United States.

Joseph K. Inness, New York City, for respondent Moore-McCormack Lines, Inc.

IRVING R. KAUFMAN, District Judge.

The alleged accident in this case occurred on July 6, 1946, at which time the S. S. Argentina had been at sea two days. The libelant slipped on a foreign substance on the starboard side of the promenade deck. As a result of the accident she received an injury to her left wrist and hand. At the time of the accident the weather was clear. The libelant was taken to the ship's doctor

who placed a splint upon the wrist and immobilized both the wrist and the hand. Sedatives were administered. No proof has been adduced at this trial which would establish with any reasonable degree of certainty what the foreign substance was that the libelant slipped on. In the libelant's interrogatories she describes it as an oily substance; in her testimony at the trial she stated she believed it was water. Her two associates, Mrs. Edwards and Mrs. Guimond referred to it as an oily substance. It is conceded that it has not been established when the oily substance, or water, as the case may be, was placed upon the deck where the accident occurred, how long it had been there, or that any notice of the condition was ever given to any of the ship's officers or crew.

■ We are dealing, therefore, with a situation where an accident did occur due to some foreign substance on the deck without the other elements required to spell out negligence on the part of the ship's owners. The length of time that the foreign substance was permitted to remain upon the deck is in a complete state of uncertainty. Nothing has been shown to indicate the slightest opportunity on the part of the ship to remove or correct the alleged act of negligence. I cannot find from these facts, therefore, that the respondent ever had actual or imputed knowledge of the condition.

■ Libelant strenuously urges that regardless of negligence the ship's owner in this case was an insurer of the safety of the libelant who was a passenger on board the ship. I cannot accept this principle as the established law. Moore v. American Scantic Line, 2 Cir., 1941, 121 F.2d 767. While I feel that the ship owner owed the libelant in this case a high degree of care, I can find no violation of that duty. The testimony of the chief officer, Christian Johnson, taken by deposition and read into the record, indicates that this ship carried about 500 passengers and that he personally went over the deck many times a day; that at no time did he see any grease or oil or foreign substance on the deck; that the lights were adequate; that there had been no complaints about foreign substance or inadequate lighting and that at least once every hour he had inspected this deck. The care exercised by the ship owner for the safety of the passengers was likewise testified to by King Weston who was Senior Third Deck Officer on the ship.

It must be borne in mind that the injury in this case was not caused by faulty appliances or unseaworthiness in the construction of the ship but resulted solely from the presence of a foreign substance of indefinite description on the deck for an indefinite period of time. Indeed, the libelant and her two friends had walked about the same deck several times during that morning, afternoon and at least once immediately preceding the accident that evening, without experiencing any accident or injury, or particularly noticing the foreign substance which is alleged to have caused the accident.

■ I am also of the opinion that the shipowner supplied a competent doctor who under the circumstances furnished adequate medical care. The point was made by the libelant that the doctor perhaps should have seen her on more occasions than he did. It is doubtful whether his visits to her would have helped her condition in any respect. It is rather my opinion that with the facilities on board ship such treatment was administered which could be competently administered. I am compelled, therefore, to direct a decree in favor of the respondent, United States of America.

The following are my findings of fact and conclusions of law.

#### Findings of Fact.

1. At all the times referred to in the libel, the S. S. Argentina was owned by the respondent, United States of America.

2. On July 4th, 1946, at about 5:45 P. M., the libelant sailed as a passenger on the S. S. Argentina, having purchased a ticket and having been assigned to a stateroom.

3. On the 4th, 5th and 6th of July, 1946, the libelant had made many rounds of the promenade deck of the S. S. Argentina, and up until the time she alleges to have slipped on the promenade deck star-

board side, she saw no oil, grease or other foreign substance on the deck.

4. The libelant had walked over the same part of the deck on previous occasions, and even on the evening of her accident she had walked around the promenade deck at least once, and observed no oil, grease, water or other foreign substance at or about the place where she slipped.

5. In libelant's answers to interrogatories, she states she does not know how long the alleged foreign substance on which she slipped had been on the deck, and in the testimony in open court, there was no proof how long such foreign substance was on the deck or where such substance came from.

6. There is no proof what said foreign substance on the deck was, except the testimony of libelant, who stated on one occasion it was water (and that she supposed it came from the ocean), and on another, oil.

7. There is no proof how long any foreign substance was on the deck when libelant fell, what such foreign substance was, or who put it there, or how it got there.

8. There is no proof that the foreign substance on which libelant claims to have slipped was on the deck long enough to have constituted constructive notice to the respondent of such condition.

9. There is no proof of actual notice of the conditions complained of by libelant.

10. The libelant has failed to prove, by a fair preponderance of the credible evidence, that the respondent was negligent in any respect.

11. The libelant has failed to prove that she did not receive prompt, proper and adequate medical care and attention by the ship's doctor following her injury.

12. The promenade deck was sufficiently lighted.

13. The promenade deck was washed every morning before the passengers arose; the deck was regularly inspected every hour by the ship's chief officer.

### Conclusions of Law.

1. The libel is dismissed on the merits as against the respondent, Moore-McCormack Lines, Inc., on consent.

2. There was no negligence on the part of the respondent, United States of America, its agents, servants or employees.

3. The foreign substance upon the deck upon which libelant slipped was of a transitory nature and there was no evidence to show how long before the accident it was spilled or appeared upon the deck. The S. S. Argentina is not liable for a breach of duty to maintain the ship in a seaworthy condition.

4. The libel against the United States of America is dismissed on the merits.