Lillian ALPERT and Abraham Alpert,
Plaintiffs-Appellants,

v.

ZIM LINES (also known as Israel Navigation Company, Ltd.), Defendant-Appellee.

No. 231, Docket 30639.

United States Court of Appeals
Second Circuit.

Argued Dec. 5, 1966.

Decided Dec. 21, 1966.

Alan C. Rassner, New York City (Jacob Rassner, New York City, on the brief), for plaintiffs-appellants.

Thomas H. Healey, New York City (Hill, Betts, Yamaoka, Freehill & Longcope, Robert S. Blanc, Jr., New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and HAYS and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

In January 1962, plaintiff Lillian Alpert was a passenger on board the S.S. Jerusalem, owned and operated by defendant Zim Lines, on a Caribbean cruise. Two days out at sea, plaintiff allegedly fell, fractured her left leg and required hospitalization for two months. Suit was brought that spring; after completion of discovery and pre-trial procedures, in April 1966 the case was assigned for trial in the Southern District of New York.[1] Apparently at the trial judge's suggestion Zim Lines moved for summary judgment, which was granted without opinion. From this order, plaintiffs Lillian and Abraham Alpert appeal.[2] For the reasons set forth below, we reverse and remand for trial.

Although other claims had originally been asserted in the complaint, by the time of the pre-trial order plaintiffs confined themselves to alleging two theories of negligence against defendant. The

---

1. The trial judge was Chief Judge Solomon of the District of Oregon, sitting in the Southern District by designation.

2. Abraham Alpert joins as party plaintiff as the husband of Lillian Alpert and claims damages for loss of services.

first was that Lillian Alpert's particular physical condition required the ship to take special precautions for her safety or to warn her of worsening weather; the second was that the ship had failed to provide proper medical care after the accident. This appeal concerns only the first theory, since the second claim was dismissed without prejudice to reinstatement after appeal, in the event of reversal on the former.[3]

In opposition to the motion for summary judgment, plaintiff Lillian Alpert submitted an affidavit which stated the facts as follows: About eight years before the 1962 cruise, plaintiff had fractured her thigh bone and a metal nail had been inserted in the bone. This shortened her left leg, causing her to walk even in 1962 with a "noticeable limp." At the time of the accident, she was 63 years old, about five feet two inches tall, and weighed about 145 pounds. During the two days on the S.S. Jerusalem before the accident, she walked to various parts of the ship, including the dining room and various decks and lounges; a number of officers and crewmen saw her walk about, and she spoke with several employees of the ship. Plaintiff asserts that it was obvious to anyone who saw her that she had a disability and "was not nearly as steady" on her feet as someone who had the full use of both legs. On January 11, 1962, the weather "started to get a little rougher than it had been previously." Plaintiff was still able to get about, however, and went to the writing room. In the next half hour "the weather had become worse." When plaintiff got up from her chair, the ship "took a severe dip and roll," causing the fall and refracture of the left leg. In support of its motion for summary judgment, Zim Lines submitted an affidavit of its attorney which asserted that plaintiff never gave notice to defendant of her needs for special care

and that, in any event, no conditions existed requiring it.

 On a motion for summary judgment, the question, of course, is whether there are genuine issues as to material facts. The applicable law is reasonably clear; the claim in this case proceeds upon a negligence theory. However, a ship is held to a high degree of care and whether negligence exists may depend upon a passenger's special needs and the ship's knowledge thereof. Thus, in American President Lines, Ltd. v. Lundstrom, 323 F.2d 817, 818 (9th Cir. 1963), the court stated:

> A passenger carrier has a duty "to exercise extraordinary vigilance and the highest skill to secure the safe conveyance of the passengers", Allen v. Matson Navigation Co. (9 Cir., 1958), 255 F.2d 273, 277, and if it knows that a passenger has physical disabilities it must exercise such higher degree of care—including giving special assistance—as is reasonably necessary to insure that passenger's safety in view of his disabilities.

See also Moore v. American Scantic Line, Inc., 121 F.2d 767 (2d Cir. 1941). The parties indeed do not dispute this, but they differ as to whether there were material fact issues left unresolved in the record. Zim Lines successfully asserted in the trial court and argues again here that defendant could not be negligent unless it had notice of Mrs. Alpert's disability and, as to this, no genuine issue of fact remains. On the latter point, we disagree. Plaintiff asserts that she had a noticeable limp with one leg shorter than the other, and walked around the ship for two days, observed by officers and crewmen as well as employees with whom she spoke. Therefore, we cannot say that the ship, as a matter of law, did not have constructive notice of the unsteadiness of this 63 year old, heavy-set short woman. On oral argument (al-

---

3. Although the trial judge denied defendant's motion for summary judgment as to failure to provide medical care, plaintiffs declined to proceed to trial on the remaining issue alone. Thereafter, the judge dismissed the malpractice claim without prejudice and with leave to reassert "in the event of reversal on appeal" on the primary issue.

though not in the brief), appellee also argued that there was no genuine issue as to the state of the weather, relying on an entry in the log book to show that conditions at sea were normal. However, the log book is not before us, nor apparently was it part of the record before the district court. In any event, plaintiff's affidavit that the weather on January 11 was rougher than previously and then became worse raised an issue which only a trier of fact can resolve.

We do not mean to imply that plaintiff has a case on the merits, and we understand why the trial judge thought to the contrary. However, since genuine issues were raised as to material facts, the judgment appealed from must be reversed. Reversed and remanded for trial.