46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stan CUSUMANO, Plaintiff-Appellant,
v.
ROYAL CARIBBEAN CRUISE LINES, Defendant-Appellee.
 No. 93-15777.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 14, 1994.
Decided: Jan. 27, 1995.
 
 Before: TANG, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stan Cusumano slipped and fell on a wet spot while playing basketball on the sports deck of the M/S Sun Viking, a Royal Caribbean Cruise Lines vessel. The district court granted summary judgment in favor of Royal Caribbean on the ground that Cusumano produced no evidence supporting a reasonable inference that Royal Caribbean had actual or constructive notice of the wet spot. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Cusumano agrees that the district court applied the correct legal standard, that Royal Caribbean owed him a duty of exercising reasonable care under the circumstances. Kermarec v. Transatlantique, 358 U.S. 625, 632 (1959). However, he argues that the court impermissibly weighed the evidence in Royal Caribbean's favor. We disagree.
 
 
 4
 Cusumano's evidence raises no triable issue of fact on whether Royal Caribbean had actual or constructive notice of the wet spot. Neither his own deposition, nor the declaration of Bob Merritt, a fellow Sun Viking passenger who observed Cusumano's fall, says anything that creates a reasonable inference that Royal Caribbean knew or should have known about the spot. There is no evidence that any crew member had actual knowledge of the wet spot; and there is no evidence about how long the wet spot was on the deck or how it got there. To the extent Cusumano testified that he found the court clean and dry before he started playing, as it had been on the two occasions he had used it before, and that he slipped and fell after five to ten minutes of shooting baskets, his evidence suggests that the wet spot was not readily detectable. In any event, no inference can be drawn that a reasonable crew would have recognized and remedied the condition before Cusumano encountered it.
 
 
 5
 Merritt's declaration states that he noticed "extreme moisture" on the court and wetness near the ping-pong table where he was playing, but both these observations were made only after Cusumano's fall. They shed no light on whether the wet spot that caused Cusumano's fall was notable enough or present long enough for a reasonable crew member to detect it before the accident.
 
 
 6
 Cusumano objects to the district court's considering the declaration of Captain Leif Otto Bang because Bang had no firsthand contemporaneous knowledge of the conditions on the sports deck. This argument fails because it is Cusumano's burden to establish a genuine fact issue on each essential element of his negligence claim. With or without the Bang declaration, he has failed to produce evidence creating a reasonable inference that Royal Caribbean had actual or constructive notice of the hazard that caused his injury.
 
 
 7
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 8
 I disagree with the majority's conclusion that the district court's grant of summary judgment should be affirmed. The record contains evidence supporting an inference that Royal Caribbean's crew created the wet spot and that the deck had remained wet for approximately six hours before Cusumano's accident. Contrary to the majority's conclusion, there is a triable issue of fact as to whether the defendant had actual or constructive notice of the moisture on the deck.
 
 
 9
 Other than a reference to Kemerac v. Comppagnie Generale Transatlantique, 358 U.S. 625, 632 (1959) for the general standard of reasonable care, the majority's opinion is devoid of any case citations. Neither the appellee nor the district court cities any maritime cases in which an appellate court upheld a grant of summary judgment in favor of the defendant. In each of the appellate cases they cite, the district court had rejected the motion for summary judgment or none had been filed at all. See Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72 (6th Cir. 1990); Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1357 (11th Cir. 1990); Rainey v. Paquet Cruises, 709 F.2d 169, 170 (2d Cir. 1983).
 
 
 10
 In reviewing a grant of summary judgment, we consider the evidence in the light most favorable to the non-moving party. Lone Ranger Television, Inc. v. Program Radio Corp., 740 F.2d 718, 720 (9th Cir. 1984). Viewed in that light, the evidence here was clearly sufficient to raise a triable issue of fact on the question whether Royal Caribbean had actual or constructive notice of the hazard that caused Cusumano's fall. According to the declaration of Captain Otto Bang, the ship's practice was to wash down all the exterior decks, including the sports deck, starting at or around 4:00 a.m. each day. Cusumano's accident occurred at approximately 10:00 a.m. on a sunny and clear day. After falling, Cusumano testified at his deposition, his shirt was saturated by the moisture on the deck. Bob Merritt, another passenger, stated that there was "extreme moisture" on the sports deck immediately after Cusumano's accident.
 
 
 11
 As the majority points out, Merritt's declaration does not in itself provide any information about how long the moisture had been on the deck; nor does it explain how the deck became wet. Neither of course does Cusumano's deposition. However, when the evidence contained in Merritt's declaration and Cusumano's deposition is considered in light of Captain Bang's declaration, an inference arises that the Royal Carribean's crew created the wet spot by watering down the sports deck in the early morning hours and that they failed to dry the deck properly. Indeed, the record contains no other explanation of how the deck might have become or remained wet -- there was no rain on the date of the accident and, as the district judge specifically stated, there is no suggestion that water from the ocean might have created the wet spot.
 
 
 12
 Viewed in the light most favorable to Cusumano, the evidence supports a finding that the defendant's actions created the moisture that caused Cusumano's injury, and that this condition had been present for several hours before his fall. There is thus a genuine factual dispute as to whether the defendant knew or should have known of the alleged hazard. For this reason, I believe that the district court erred in granting the defendant's motion for summary judgment.
 
 
 13
 I dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3