798 So.2d 804 (2001)
Sara KALENDAREVA, Appellant,
v.
DISCOVERY CRUISE LINE PARTNERSHIP, Discovery Sun Partnership, d/b/a Discovery Cruise Line, Discovery Dawn, Inc., and Discovery Dawn Partnership, Appellees.
No. 4D00-4151.
District Court of Appeal of Florida, Fourth District.
October 24, 2001.
*805 Arnold R. Ginsberg of Ginsberg & Schwartz, Miami, and the law Offices of Akiva Ofshtein, Sunny Isles Beach, for appellant.
David B. Pakula of Faxio, Dawson, DiSalvo, Cannon, Abers, Podrecca & Fazio, Fort Lauderdale, for appellees.
KLEIN, J.
Appellant plaintiff, a passenger on appellee's cruise ship, was injured by a rope thrown while the ship was docking. We reverse the trial court's direction of a verdict in favor of the defendant.
While plaintiff was sitting on a lounge chair on the third deck, she was struck by the weighted end of a rope thrown by an employee of Port Everglades, which is not a party to this appeal. These ropes, or heaving lines, were being thrown from the dock to the second deck, and plaintiff was injured by a line which was thrown too high.
Plaintiff sued defendants for maritime negligence and, after she presented her case, the trial court granted the defendants' motion for directed verdict on the ground there was no evidence that defendants knew or should have known of the danger. Defendants compare this case to a slip and fall, in which the burden is on the plaintiff to show notice of a dangerous condition, and contend that there is no evidence that they had notice that this "freak accident" could occur.
A ship owner, however, may have a higher duty of care than a land owner, depending on the danger. As the court explained in Rainey v. Paquet Cruises, Inc., 709 F.2d 169 (2d Cir.1983):
There is no sound reason to require that a carrier exercise a high degree of care for those trifling dangers which a passenger meets "in the same way and to the same extent as he meets them daily in his home or in his office or on the street, and from which he easily and completely habitually protects himself."
* * *
The extent to which the circumstances surrounding maritime travel are different from those encountered in daily life and involve more danger to the passenger, will determine how high a degree of care is reasonable in each case. [citations omitted]
Id. at 171-72.
When a ship owner owes the higher duty, it is merely an application of the rule that "[r]easonable care includes the carrier's duty to warn passengers of dangers which are not apparent and obvious." Harnesk v. Carnival Cruise Lines, Inc., 1992 A.M.C. 1472 (S.D.Fla.1991)(citing Luby v. Carnival Cruise Lines, Inc., 633 F.Supp. 40, 41 n. 1 (S.D.Fla.1986)).
Viewing the evidence in a light most favorable to plaintiff, as we do on a motion for directed verdict, we conclude that the question of whether the ship owner should have known of the danger to passengers on the third deck should have gone to the jury. We therefore reverse for a new *806 trial.[1]
DELL, J., and ALTONAGA, CECILIA M., Associate Judge, concur.
NOTES
[1] As we noted earlier, Port Everglades, whose employee threw the rope, is not a party to this appeal. It was, however, a party in the trial court, and the court allowed that claim to go to the jury. In this case it would have been more efficient if the court had let the case go to the jury against the ship owner as well, and directed the verdict afterward in the event the jury found the ship owner guilty. This procedure was recommended in Ditlow v. Kaplan, 181 So.2d 226 (Fla. 3d DCA 1965), because it obviates the need for a new trial if the appellate court disagrees with the trial court.