**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALLACE PETREY, | No. 24-4386 |
| *Plaintiff - Appellant*, | D.C. No. 2:23-cv-03401-JLS-AJR |
| v. | |
| PRINCESS CRUISE LINES, LTD.; ALASKA HOTEL PROPERTIES, LLC, | OPINION |
| *Defendants - Appellees*. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted August 18, 2025
Pasadena, California

Filed April 23, 2026

Before: Marsha S. Berzon, Mark J. Bennett, and Jennifer
Sung, Circuit Judges.

Opinion by Judge Sung

# SUMMARY[*]

## Maritime Negligence

In an action brought by Wallace Petrey against Princess Cruise Lines Ltd. and Alaska Hotel Properties, LLC (collectively, "Princess") for negligently constructing a dangerous bathroom configuration that caused him to trip and fall, the panel (1) vacated the district court's summary judgment in favor of Princess on Petrey's maritime negligence claim and (2) affirmed the district court summary judgment in favor of Princess on Petrey's alternative negligence per se theory.

To recover for negligence under maritime law, a plaintiff must establish duty, breach, causation, and damages. Princess owed Petrey a duty of reasonable care. To show that Princess created or maintained an unreasonable risk of foreseeable harm, Petrey must show that Princess knew or should have known both that the condition existed and that a reasonable person would have foreseen that the condition was unreasonably dangerous.

The panel held that because Princess owns the lodge where the accident happened and constructed the bathroom configuration, there was no dispute that Princess knew of or should have known this allegedly hazardous condition existed. The panel held that there was a genuine factual dispute about whether Princess knew or should have known that the bathroom configuration was unreasonably dangerous. Accordingly, the panel vacated the district

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

court's summary judgment in favor of Princess on Petrey's maritime negligence claim.

The panel agreed with the district court that Princess was entitled to summary judgment on Petrey's negligence per se theory of breach. Petrey failed to show the Lodge's bathroom configuration violated an applicable plumbing code provision to establish Princess breached the duty of reasonable care under a negligence per se theory.

## COUNSEL

Thomas F. Friedberg (argued), Law Offices of Friedberg & Bunge, San Diego, California, for Plaintiff-Appellant.

André M. Picciurro (argued), Gordon Rees Scully Mansukhani LLP, San Diego, California, for Defendants-Appellees.

## OPINION

SUNG, Circuit Judge:

Plaintiff Wallace Petrey fell in his hotel room's bathroom while staying at the Denali Princess Wilderness Lodge as part of a Princess cruise. Petrey brought an action for damages against Defendants Princess Cruise Lines, Ltd. and Alaska Hotel Properties, LLC (collectively, "Princess"), claiming that Princess negligently constructed a dangerous bathroom configuration that caused him to trip and fall. The

district court granted Princess's motion for summary judgment, concluding that Petrey's traditional theory of negligence failed as a matter of law because he "proffered no evidence that [Princess] had actual or constructive notice of the alleged dangerous condition." Viewing the record in the light most favorable to Petrey, the non-moving party, we conclude he provided enough evidence to create a genuine dispute about whether Princess knew or should have known that the bathroom configuration was unreasonably dangerous. Accordingly, we vacate the grant of summary judgment on Petrey's negligence claim. The district court also granted summary judgment in favor of Princess on Petrey's alternative negligence per se theory, which we affirm.

## I.   BACKGROUND

In September 2022, Plaintiff Wallace Petrey purchased a sea/land cruise package from Defendant Princess Cruise Lines, Ltd., which included a two-night stay at a land hotel called Denali Princess Wilderness Lodge, owned and operated by Defendant Alaska Hotel Properties, LLC. Petrey arrived at the hotel around 5:00 P.M. He did not use the restroom in his hotel room until he awoke around 5:00 A.M. While he was sitting on the toilet, his right shoulder rubbed against the shower curtain. When he stood up, he turned 90 degrees to pull his shorts up, tripped backwards over the shower ledge, and hit the back of his head against the shower wall. He felt numbness from the neck down and was transported by ambulance to Fairbanks Hospital.

Invoking diversity jurisdiction, Petrey sued Princess, claiming it negligently created or maintained an unreasonably dangerous bathroom configuration. Petrey primarily alleges that the bathroom's raised shower ledge is

a trip-and-fall hazard because it is located too close to the toilet. Princess moved for summary judgment. The district court granted Princess's motion, concluding that Petrey could not show Princess breached the duty of reasonable care under a traditional theory of negligence because he did not produce any evidence that Princess "had actual or constructive notice of the risk-creating condition." The district court also concluded that Petrey's negligence per se theory failed as a matter of law "because a reasonable jury could not find that a violation of an applicable building code provision caused [his] injury." Plaintiff timely appealed.

## II.  MARITIME NEGLIGENCE CLAIM

The parties agree that maritime law governs this case. "To recover for negligence [under maritime law], a plaintiff must establish: (1) duty; (2) breach; (3) causation; and (4) damages." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1070 (9th Cir. 2001).

Princess owed Petrey the duty of reasonable care. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959) ("[T]he owner of a ship in navigable waters owes to all who are on board … the duty of exercising reasonable care under the circumstances of each case."); *see also Holzhauer v. Golden Gate Bridge Highway & Transp. Dist.*, 899 F.3d 844, 848 (9th Cir. 2018) ("Every shipowner has a duty of reasonable care under the circumstances." (citation modified)).[1] The issue in this appeal is whether Princess breached that duty.

_____

[1] Although Princess agrees that carriers generally owe passengers a duty of reasonable care under the circumstances, Princess argues it did not owe Petrey a duty unless Princess had actual or constructive notice of the risk-creating condition. While we agree that Petrey must show

**A. General Negligence Principles**

"In maritime tort cases, general principles of negligence law guide the federal courts." *Peters v. Titan Navigation Co.*, 857 F.2d 1342, 1345 n.1 (9th Cir. 1988). Under those general principles, to show a breach of the duty of reasonable care, the plaintiff must show that the defendant created an unreasonable and foreseeable risk of harm. *See* Restatement (Third) of Torts: Physical & Emotional Harm § 3 cmt. g (A.L.I. 2010) ("To establish [an] actor's negligence, it is not enough that there be a likelihood of harm; the likelihood must be foreseeable to the actor at the time of conduct."); Dan B. Dobbs, et al., Law of Torts § 159 (2d ed.) ("Dobbs") ("[A]n actor is negligent when he creates or continues unreasonable risks of foreseeable harm, not merely when harm is foreseeable to him.").

Importantly, an actor "is not unreasonable and not negligent unless he either knew of the risk of foreseeable harm or *should have known* of it." Dobbs § 159. The requirement that the defendant in a negligence case "knew or should have known" of some risk is tied to the concept of foreseeability in tort. Foreseeability concerns an "actor's ability to anticipate future events or to understand dangerous conditions that already exist," and so "concerns what the actor 'should have known.'" Restatement (Third) of Torts: Physical & Emotional Harm § 3 cmt. g (A.L.I. 2010). What a defendant "should have foreseen often depends a great deal on the knowledge and information he has or should have as a reasonable person." Dobbs § 159. Foreseeability

---

Princess had actual or constructive knowledge of the risk-creating condition, that knowledge is not required to establish Princess *owed* the duty of reasonable care; it is required to show the defendant *breached* the duty of reasonable care. *See infra*, Section I.B.

accordingly incorporates a reasonable person standard, as do several of the other tort concepts relevant to Petrey's case. We discuss them next.

## B. Actual or Constructive Knowledge Required to Show Breach

To show that an unreasonable risk of harm was foreseeable where, as here, "the condition constituting the basis of the plaintiff's claim is not unique to the maritime context," the plaintiff must show that the defendant had "actual or constructive notice of the risk-creating condition."[2] *Samuels v. Holland American Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011) (quoting *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989)). Constructive knowledge is "knowledge which one would possess if through the exercise of reasonable care he would have known such facts." Restatement (Third) of Torts: Physical & Emotional Harm § 3 reporters' note to cmt. e (A.L.I. 2010) (citation omitted). "The term *should have known*, sometimes discussed in terms of . . . constructive notice, is one way of saying that the reasonable person standard governs the question of unreasonable risk and foreseeability." Dobbs § 159. So "constructive notice" and "should have known," like foreseeability, both incorporate the reasonable person standard and are completely objective terms.

---

[2] In this context, "actual or constructive notice" means the same thing as "actual or constructive knowledge." That is, we could also say that the plaintiff must show the defendant "knew or should have known" of the unreasonably dangerous condition. Because the parties and relevant authorities use the terms "notice" and "knowledge" interchangeably, we do as well.

A "plaintiff need not further prove that the defendant knew of the dangerous condition" where the plaintiff proves the defendant negligently created that dangerous condition "or an unreasonable risk of it." Dobbs § 276 & n.14. But to the extent Petrey contends that a plaintiff needs to show *only* that the defendant knew or should have known the condition *exists*—meaning, a plaintiff does *not* also need to show a defendant knew or should have known the condition was unreasonably dangerous—Petrey is incorrect. Even when a defendant knows that a condition exists, it is still possible that a reasonable person would not foresee danger from the information the defendant has or should have. *See, e.g.*, *Kangley v. United States*, 788 F.2d 533, 535 (9th Cir. 1986) (where plaintiff slipped on a rug that defendant had placed, "[t]he existence of a rug inside a door alone [wa]s not enough to establish that [the defendant knew or should have known] the floor might be dangerous" and plaintiff "did not sustain her burden of proving that the [defendant] knew or should have known" of the "dangerous condition"). To show the defendant created or maintained an unreasonable risk of foreseeable harm, the plaintiff must show the defendant knew or should have known *both* that the condition existed and that a reasonable person would have foreseen that the condition was unreasonably dangerous.

Petrey cites cases in which courts have explained that a defendant cannot be liable for negligence if there is no evidence the defendant knew or should have known the condition existed. In *Rainey v. Paquet Cruises, Inc.*, the plaintiff tripped over a stool on the cruise ship's dance floor. 709 F.2d 169, 170 (2d Cir. 1983). "Because there was no evidence as to how the stool got where it was or how long it had been there," the court affirmed dismissal of the plaintiff's negligence claim because the plaintiff failed to

show the defendant had "actual or constructive notice of the presence of the stool." *Id.* at 170, 172. Similarly, in *Keefe v. Bahama Cruise Line, Inc.*, the plaintiff slipped on a wet spot, but there were no findings that the defendant knew or should have known the wet spot existed. 867 F.2d at 1322–23. Accordingly, the Eleventh Circuit remanded because liability "hinge[d] on whether [the defendant] knew or should have known about the treacherous wet spot." *Id.* at 1322. While these cases make clear that proving the defendant knew or should have known a condition existed is necessary to show breach, they did not hold that proving such knowledge alone is sufficient. Where the defendant created the condition, the defendant necessarily had notice that the condition existed; the question is whether the risk—that the condition was unreasonably dangerous—was foreseeable to a reasonable person with notice of the condition's existence.

"When the issue is negligence, the question of what is or is not foreseeable to a reasonable person in the position of the defendant is normally a jury question." Dobbs § 159. So whether the defendant knew or should have known a condition was unreasonably dangerous is generally a factual issue for the jury. *See Christensen v. Georgia-Pacific Corp.*, 279 F.3d 807, 815 (9th Cir. 2002) (In "maritime negligence actions," whether the defendant "breached [its] duty is a question of fact for trial."); *see also* Dobbs § 276 n.2 (Whether "an 'unreasonably dangerous' condition existed on the land . . . is an issue of fact, making summary judgment for a defendant improper where reasonable people can differ.").

## C. Evidence Needed to Show Defendant Knew or Should Have Known of Unreasonably Dangerous Condition

Because Princess owns the lodge where the accident happened and constructed the bathroom configuration, there is no dispute that Princess knew or should have known this allegedly hazardous condition existed. The only question at this juncture is whether, viewing the record in the light most favorable to Petrey, there is enough evidence to create a genuine factual dispute about whether Princess knew or should have known that the bathroom configuration was unreasonably dangerous.[3] To resolve that issue, we must first address Petrey's arguments about what evidence is necessary or sufficient to show a defendant had actual or constructive knowledge that a condition was unreasonably dangerous.

First, Petrey argues that a plaintiff can satisfy this knowledge requirement simply by showing that the defendant created the condition. In Petrey's view, because it is undisputed that Princess created the bathroom configuration, Petrey has shown Princess knew or should have known that a "dangerous condition existed"—and no other evidence of Princess's knowledge is required as a matter of law. We disagree. As explained above, it is possible for a defendant to create a condition and know it exists yet lack actual or constructive knowledge that the

---

[3] It also will matter for the ultimate resolution of this case whether Princess's conduct was "unreasonable." Within tort law, conduct is deemed "unreasonable" based on a balancing of factors—that is, the terms "unreasonable risk" and "unreasonable danger" in tort refer to a cost-benefit analysis. *See generally* Restatement (Third) of Torts: Physical & Emotional Harm § 3 cmt. e (A.L.I. 2010).

condition is unreasonably dangerous. Thus, while we agree that evidence showing a defendant created a condition proves the defendant knew the condition existed, such evidence does not necessarily prove the defendant knew or should have known the condition was unreasonably dangerous. To our knowledge, no court has adopted such a rule, and we decline to do so.

Second, Petrey argues that the district court erred by requiring Petrey to provide evidence of prior similar incidents to show Princess knew or should have known the bathroom configuration was unreasonably dangerous because other types of evidence can also show such knowledge. Notably, Princess agrees with Petrey that evidence of prior similar incidents is not the only way to show knowledge of dangerousness. It is not clear that the district court held otherwise,[4] but to prevent any confusion, we clarify that proof of similar incidents is relevant to show actual or constructive knowledge of unreasonable dangerousness, but not required. *See Samuels*, 656 F.3d at 953–54 (considering the absence of prior similar incidents in evaluating whether defendant knew or should have known of dangerous conditions it did not create); Modern Tort Law: Liability and Litigation § 38:7 ("There is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm. Courts generally consider whether the premises owner has received reports of prior

---

[4] The district court did not expressly state that evidence of prior similar incidents is the only way to prove such knowledge. However, because the district court did not discuss Petrey's other evidence of Princess's knowledge, we understand why Petrey reads the district court's order as implying that evidence of prior incidents is required.

injuries or reports of the potential danger presented by the condition.").

In sum, while Petrey must provide evidence that Princess knew or should have known that the bathroom configuration was unreasonably dangerous to show that Princess negligently created the condition, Petrey need not provide evidence of prior incidents similar to his fall to do so.

### D. Petrey's Evidence of Princess's Knowledge

We turn to considering whether, viewing the record in the light most favorable to Petrey, there is a genuine factual dispute about whether Princess knew or should have known that the bathroom configuration was unreasonably dangerous.

Petrey offered reports and declarations from three experts: a mechanical engineering expert, a biomechanical expert, and a human factors and safety expert.[5] Petrey's biomechanical expert concluded that the bathroom configuration was more hazardous than reasonable alternatives, and Princess "had, or should have had, the knowledge and means to recognize and modify hazardous conditions" in the Lodge. The biomechanical expert based his conclusion in part on the Lodge's Security Manager's

---

[5] Princess did not challenge the admissibility of any of Petrey's expert reports under the standards established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993) (describing how courts should assess expert testimony, which include asking "whether the reasoning or methodology underlying the [expert] testimony is scientifically valid" and "whether that reasoning or methodology properly can be applied to the facts in issue"); *see also* Fed. R. Evid. 702 (laying out requirements for expert testimony).

deposition testimony "that he had responded to similar falls" at the Lodge "'many times.'"

Petrey's "human factors and safety expert" reached a similar conclusion. In his view, the bathroom configuration "posed an unsafe tripping hazard" that "should have been obvious to any competent person charged with passenger safety." Specifically, he opined that there was not enough space between the toilet and the shower ledge for Petrey to step back and maintain his balance without tripping over the ledge. He also explained that Princess could have easily mitigated the hazard at low cost by installing a sliding glass door with a fixed panel next to the toilet (instead of a rod and shower curtain) because the glass door would block any fall backward. The human factors and safety expert concluded that "Defendant knew or should have known that the [bathroom configuration] was unsafe" based on evidence that Princess has a "high volume of elderly guests and high volume of bathroom fall incidents at the Lodge."

"Expert opinion evidence is itself sufficient to create a genuine issue of disputed fact . . . as to the ultimate issue of whether [a particular condition] presented an unreasonably dangerous condition." *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1270 (9th Cir. 1994). [6] "As a general rule, summary judgment is inappropriate where an expert's testimony supports the nonmoving party's case." *In re Apple Comput. Sec. Litig.*, 886 F.2d 1109, 1116 (9th Cir. 1989). There are exceptions to that rule. For example, when the record is sufficiently clear and does not require "special competence" to understand, we are not required to defer to a

---

[6] To the extent Princess argues that the bathroom configuration was not unreasonably dangerous, we conclude that factual issue is genuinely disputed because of the same expert evidence discussed above.

contrary expert opinion. *Id.* For another example, "unsupported and conclusory statements, even from experts, are insufficient to defeat summary judgment." *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020) (citation modified); *see also Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) ("An expert's opinions that are without factual basis and are based on speculation or conjecture are similarly inappropriate material for consideration on a motion for summary judgment. An expert's conclusory opinions are similarly inappropriate." (citations omitted)); *Orthopedic & Sports Inj. Clinic v. Wang Lab'ys, Inc.*, 922 F.2d 220, 225 (5th Cir. 1991) ("Unsupported affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." (citation modified)). But Princess does not argue that Petrey's experts' opinions are unsupported and conclusory or contrary to clear evidence. Therefore, construing the record in the light most favorable to Petrey, we conclude there is a genuine dispute of material fact regarding whether Princess knew or should have known the Lodge's bathroom configuration was unreasonably dangerous.

## III.   NEGLIGENCE PER SE

We agree with the district court that Princess is entitled to summary judgment on Petrey's negligence per se theory of breach.

Because there is no congressional legislation or admiralty precedent directly governing negligence per se claims, "[w]e have the authority to develop general maritime law regarding [such] claims," including by looking to state statutory law and the Restatement. *Wallis v. Princess*

*Cruises, Inc.*, 306 F.3d 827, 841 (9th Cir. 2002). In *Farr v. NC Machinery Company*, a maritime case, we held that the plaintiff failed to show negligence per se based on a regulatory violation because the regulation at issue did not apply to the defendant's relationship with the plaintiff. 186 F.3d 1165, 1171 (9th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000). Although our discussion of the negligence per se claim was brief, *Farr*'s holding is consistent with the Restatement and relevant state law, under which a violation of an applicable regulation can be a per se breach of the standard of care owed to those whom the regulation sought to protect. *See* Restatement (Third) of Torts: Physical & Emotional Harm § 14 ("An actor is negligent if, without excuse, the actor violates a statute that is designed to protect against the type of accident the actor's conduct causes, and if the accident victim is within the class of persons the statute is designed to protect."); *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 551 (9th Cir. 2018) ("Under California law, a failure to exercise due care is presumed if," among other conditions, "'[the defendant] violated a statute, ordinance, or regulation of a public entity'" and "'[t]he person suffering the death or injury . . . was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.'" (alterations in original) (quoting Cal. Evid. Code § 669(a))).[7] Here, the parties agree that Petrey must show the Lodge's bathroom configuration violates an applicable plumbing code provision to establish

---

[7] We cite California state law as persuasive authority in this case because the parties' contract provides that, "[t]o the extent maritime law is not applicable, the laws of the State of California (U.S.A.) shall govern the contract, as well as any other claims or disputes arising out of that relationship."

Princess breached the duty of reasonable care under a negligence per se theory.

Petrey contends that Princess did not comply with the 2015 Uniform Plumbing Code and the 2019 California Plumbing Code, both of which require a toilet's centerline to be at least 15 inches away from an "obstruction." *See* 2015 Unif. Plumbing Code § 402.5 ("No water closet or bidet shall be set closer than 15 inches (381 mm) from its center to a side wall or obstruction . . . ."); 2019 Cal. Plumbing Code § 402.5 (same). Petrey alleges the shower curtain was less than 15 inches from the toilet's centerline, and he argues the curtain qualifies as an "obstruction" under the plumbing code because it visually obscured the shower ledge's presence.[8] Princess disagrees, contending that (1) a movable shower curtain is not an "obstruction" under the plumbing code, and (2) even if it were, there is no evidence that the shower curtain was less than 15 inches away from the toilet's centerline.

The plumbing codes cited by Petrey do not address whether a shower curtain or movable object qualifies as an "obstruction." But the commentary of the International Code Council's 2018 International Plumbing Code suggests that "an object that can be moved out of the way to provide the user space" is not an "obstruction" for purposes of the plumbing codes. 2018 Int'l Plumbing Code & Comment. § 405.3.1. The cited commentary explains that a plumbing code provision that requires an obstruction to be at least 21 inches away from the front of a toilet does not require a door to be at least 21 inches away from the toilet "in any position

---

[8] The district court found that Petrey's own evidence showed that the shower ledge was more than 15 inches away from the toilet's centerline. Petrey does not dispute that finding on appeal.

of its swing path" because a "door in any open position is an object that can be moved out of the way to provide the user space." *Id.* Under the commentary's reasoning, a shower curtain does not qualify as an "obstruction" because it, too, is an object that can be moved out of the way to provide the user space.

We conclude that the easily movable shower curtain does not qualify as an "obstruction" for the purpose of the plumbing code requirement. Therefore, even assuming the shower curtain was less than 15 inches from the toilet's centerline, the shower curtain's placement did not violate the plumbing code, and Petrey cannot prevail based on his negligence per se theory.[9]

## IV. CONCLUSION

Construing the record in the light most favorable to Petrey, we conclude that there is a genuine dispute of fact as to whether Princess knew or should have known that the Lodge's bathroom configuration was unreasonably dangerous. Accordingly, we vacate the grant of summary judgment in favor of Princess on Petrey's negligence claim. But we affirm the grant of summary judgment in favor of Princess on Petrey's negligence per se theory.

**VACATED in part, AFFIRMED in part, and REMANDED.**

Each party will bear its own costs on appeal.

---

[9] The district court concluded that no reasonable juror could find that the shower curtain's placement caused Petrey's injury. Because we do not need to reach the causation issue, we decline to consider it.